**Louise GURLEY, Trustee Ad Litem, Appellant,**

v.

**Louis BLUMER, Appellee.**

**No. 15727.**

United States Court of Appeals Third Circuit.

Argued Nov. 17, 1966.

Decided Jan. 4, 1967.

Alan Frank, Pittsburgh, Pa., for appellant.

Louis Blumer, pro se.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

## OPINION OF THE COURT

McLAUGHLIN, Circuit Judge.

This is a suit under the Pennsylvania Wrongful Death Act by the widow of Walter Davis for the death of the latter. Davis was twenty-nine years old on the date of his death, April 30, 1963. Plaintiff remarried later that same year to a Mr. Gurley.

Apparently the only part of the trial testimony that was transcribed was that of Mrs. Gurley and Thomas L. Posey, the latter a beauty shop proprietor whose evidence dealt with damages. There is no appearance on behalf of defendant-appellee. As the trial court stated in its memorandum re plaintiff's motion for a new trial as to damages "Davis had been in and out of mental hospitals during the last few years prior to his death." Mrs. Gurley testified that he had only returned from reconfinement in Mayview Hospital a week prior to his death. She said that there were efforts made after that by her and his parents to have him recommitted.

It is conceded that on the afternoon of April 30, 1963, Davis entered defendant's bar in the City of Pittsburgh; that he ordered a drink and created a disturbance within the bar by throwing a chair and other pieces of furniture and in general,

bothering the customers; that there was a scuffle between him and the proprietor defendant; that the latter took a revolver from behind the bar "which he discharged twice in an attempt to frighten away the decedent." The third shot struck Davis and caused his death. Plaintiff's own pretrial narrative states:

"*Plaintiff will show that defendant, while being threatened with serious body harm by decedent fired the shot that resulted in death.*" (Emphasis supplied).

The trial judge charged the jury quoting Pennsylvania decisional law:

"Before one may be justified in voluntarily ending another person's existence, it must be clear to him that he stands in mortal menace or *danger of serious bodily harm.*" (Emphasis supplied).

The jury returned a verdict in favor of the plaintiff in the sum of $2500. There was a plaintiff's motion for a new trial on the ground of inadequacy of damages. The judge in denying that motion found that " * * * the jury could very easily have determined in view of the decedent's and the widow's manner of living and his mental condition there was but little loss financially speaking to the widow in·the death of her husband." The court thought the verdict low "but that it was a verdict well within the evidence." The court also stated "It seemed obvious too that the jury compromised between no liability and a low verdict in plaintiff's favor. Such is the prerogative of a jury and in this Court's view when the evidence warrants such a verdict, it should stand. In this Court's opinion the verdict was not against the weight of the evidence * * *."

Later the issue was again before the trial judge on a petition for leave to proceed in forma pauperis. The court, in denying the petition, said "At the time the verdict was returned, I was impressed by the fact that it was well within the evidence. Upon review of the matter and considering the motion for a new trial, I

came to the same conclusion. I am still of that opinion."

Our independent examination of plaintiff's testimony and that of the witness Posey reveals that the jury could very well have refused credence to substantially all of the income testimony other than the disability pension of Davis. There was no evidence of the latter's life expectancy as such. There was cogent evidence of his serious mental and physical condition.

The verdict here was low but under all the circumstances we cannot hold it inadequate as a matter of law. Clearly there was no abuse of discretion by the trial judge.

The judgment of the district court will be affirmed.

KALODNER, Circuit Judge (dissenting).

I would reverse the Judgment of the District Court and remand with directions to grant a new trial for the reason that the jury's verdict awarding $2500 damages in this wrongful death action was shockingly inadequate and could not under the fact situation which prevailed in this case, be regarded as a "compromise" verdict.

First as to the damages:

The undisputed evidence established that at the time of his death the 30-year-old decedent was receiving a monthly pension of $270 from the United States for a chest condition which had developed during his service as a member of the United States Air Force, and that he shared this pension with his wife. The evidence also established that the decedent was a licensed beautician with an earning capacity of about $90 a week and that when he was working he shared his earnings with his wife.

Putting aside his earnings as a beautician, since the record shows that he worked only sporadically because of a nervous condition, there remains undisputed that the decedent's wife received $1620 annually from the decedent's dis-

ability pension.[1] It is settled that amounts received by a decedent from a disability pension are to be considered in calculating the pecuniary loss in a wrongful death action. See 81 A.L.R.2d 949 (1962) and the cases therein cited.[2]

In returning a $2500 damage award the jury here allowed only $1700 for the pecuniary loss suffered by the decedent's widow, since the evidence established that the funeral bill was $800. That $1700 was just about one year's pecuniary loss to the widow since she had been receiving $1620 annually from the decedent's government pension. Since the decedent was but 30 years old at the time of his death the jury should have given effect to his life expectancy in fixing damages in accordance with the trial judge's charge to that effect.

That the jury failed to take into consideration the decedent's life expectancy and the certain circumstance that he would have received $3240 annually from his government pension for the rest of his life is evident from its $1700 calculation of the widow's pecuniary loss.

The fact that the decedent's widow remarried within a year of his death did not under settled law diminish rights fixed as of the date of the decedent's death with respect to his pension. Indeed, the trial judge in the instant case correctly charged the jury to that effect, when he said "The fact that she remarried has nothing to do with damages."

The trial judge's statement, "there was but little loss financially speaking to the widow in the death of her husband", made in his Order denying the plaintiff's motion for a new trial on the ground of inadequacy of the jury's verdict, falls of its own weight in the light of the fact that an annual loss of $1620, derived from the decedent's government pension, cannot be evaluated as "but little loss".

Second, as to the trial court's view, expressed in his Order denying a new trial, that "the jury compromised between no liability and a low verdict in plaintiff's favor":

That view cannot be reconciled with the trial judge's own statement to the jury, in his charge, that under the circumstances which attended the defendant's shooting of the decedent " * * * this defendant was not justified in doing what he did". One need only point out, as the trial judge did in his charge, that the evidence established that the decedent was unarmed when he created a disturbance in the defendant's saloon, that the proportions of the disturbance were of such minor nature that "Four or five people were in there and apparently they didn't pay too much attention to it. In other words, these people did not get out"; that the defendant saloonkeeper "might have chosen one of the other weapons he had there. He had three weapons there to protect his property with and he picked the revolver instead of the billy or blackjack". As the trial judge in fact instructed the jury, liability was established if the defendant "used excessive force, more than necessary, and made no attempt to get away".

What has been said establishes beyond question that there is no basis for the trial court's view that "the jury compromised between no liability and a low verdict in plaintiff's favor".

The jury's shockingly low award of damages in this case could not have been reasonably arrived at and the trial judge grossly abused his discretion in denying a new trial for that reason.

1. One-half of the $270 monthly pension amounted to $135. Twelve months at $135 amounts to $1620.

2. The trial judge correctly charged the jury to this effect.