James **OVERTON**

v.

**POPE & TALBOT, INC.**

**Civ. A. No. 31956.**

United States District Court
E. D. Pennsylvania.
June 27, 1967.

Arnold C. Grossman, Fine, Staud & Silverman, Philadelphia, Pa., for plaintiff.

Paul J. Senesky, Murphy, Senesky & Veldorale, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

CLARY, Chief Judge

This case is before the Court on plaintiff's motion for new trial on the question of damages and defendant's protective motion for judgment N. O. V. or, in the alternative, for a new trial. These motions arise out of a jury verdict of $2500 awarded plaintiff, which he claims is inadequate. He therefore petitions the Court for a new trial limited to the issue of damages. Defendant seeks principally to sustain the verdict, but he has filed a protective motion for judgment N. O. V. or a new trial on all issues. Now, for reasons to be set forth below, the jury verdict of $2500 will be sustained.

On the night of July 25, 1961, plaintiff, a longshoreman, went to work on the defendant, Pope & Talbot, Inc.'s ship, the S/S P & T Forrester. His duties that evening consisted of discharging and stowing cargo in the No. 3 hatch. While engaged in stowing operations, plaintiff was told to assist a fellow longshoreman stack a draft of six heavy fiber drums. The cargo of drums, to which this draft belonged, was being stacked one on top of the other in the tween deck, and this draft was the last to be stacked. Accordingly, it had to be elevated to the top of the stack. A forklift truck was being used in this operation.

Thus, the draft, which had entered the ship upon a wooden pallet, was picked up by the forklift truck, and plaintiff stepped on to the edge of the pallet to be elevated with the drums. He did this because there was no one on top of the stack to unload the drums. However, when the draft had been raised to about 6½ feet, the forklift vibrated, and plaintiff fell off backwards, landing on his back. As a result, he claimed suffering an acute lumbo-sacral strain with a resulting hypertrophic arthritis condition. Liability was grounded on an allegation that the fork-lift truck and pallet in question were defective. The Court charged the jury on unseaworthiness, negligence and contributory negligence, and the verdict now under consideration was returned.

### I.

Plaintiff grounds his attack on the adequacy of the verdict in mathematics. He demonstrates that the sum of his proven medical expenses and lost wages alone total more than the verdict.[1] To this he would add two intangible items. First, although an exact figure is not possible, he adds "x" for pain and suffering. Secondly, on the opinion testimony of Dr. Raymond O. Stein that he, plaintiff, will be unable to work as a longshoreman after age 60 or 61, future lost earnings of $30,000 are added. Thus, plaintiff concludes that the jury verdict, compared with his damages, is grossly disproportionate.

Although these mathematics are persuasive, they, like statistics, can be misleading. The question of the inadequacy of a jury's verdict is addressed to the sound discretion of the trial court, and all the facts and circumstances, not just mathematics, must be considered. Barron & Holtzoff, Federal Practice and Procedure (Wright ed.) Vol. 3, § 1302. If then, after comprehensive review, a verdict is found to be within the evidence, it must be sustained. Gurley v. Blumer, 370 F.2d 497 (3 Cir. 1967). The trial court should set aside a verdict only when to let it stand would shock the judicial conscience. Wooley v. Great Atlantic & Pacific Tea Company, 281 F.2d 78 (3 Cir. 1960). Instantly, the trial record illustrates facts and circumstances, namely, questions of contributory negligence and future wage losses,

---

1. Medical expenses ............$  549.50
   Lost wages ................  3,300.00
                              —————
                              $3,849.50

which bring this verdict within the evidence and make it less than shocking to the judicial conscience.

This Court, on the issue of plaintiff's possible contributing negligence, charged the jury as follows:

"The longshoreman under the federal statute is still entitled to recover even though the jury finds that he was partially at fault for an accident, but the law also says that the verdict should be reduced in an amount comparable with what you find to be the degree of contributory negligence. If the plaintiff is entitled to recover, you would find out his total damages in the first instance. Then if you find that he contributed to the accident and you fix his degree of culpability at 10 percent, you would reduce the verdict or finding of damages by an amount of 10 percent. If you find that he was 20 or 25 percent at fault, you would reduce it 20 or 25 percent. If he were 50 or 60 percent at fault, you would reduce it by that amount."

Now, examining the evidence in the instant case relevant to contributory negligence, the Court finds a percentage of contributory negligence on the part of the plaintiff to be a reasonable conclusion by the jury.

On direct examination, plaintiff testified that the reason for his falling from the forklift truck was a severe vibration of the truck's forks (N. T. 49 and 55). He gave no further description or explanation. However, on cross-examination, plaintiff testified that before he stepped on the pallet to be elevated, he saw that it had a cracked board in the edge, on which he was planning to stand. Nevertheless, he stepped on to the pallet, and, in fact, put one foot on the cracked board. He then testified that when the forks vibrated, the cracked board in the pallet broke, causing him to fall off backwards (N. T. 78 to 89). Plaintiff had also earlier testified that, at the time of his fall, he was holding on to a drum with only one hand; he had his other hand resting on his belt (N. T. 53). In contrast, a fellow employee riding the other side of the forklift testified he had used both hands to protect himself in the lift.

■ Clearly, this testimony by plaintiff lays a foundation for a jury finding of contributory negligence. First, the act of using a loaded forklift truck as an elevator is not a cautious act, and a jury might have considered it negligence. Secondly, plaintiff's testimony that he stood on a board he knew was cracked and that he held on with only one hand, is particularly incriminating. This is especially evident in view of plaintiff's admitted weight of 218 pounds. This Court would expect a reasonable man of that weight to be very careful about standing on cracked boards. Finally, plaintiff's credibility was put sufficiently at issue, by his change in story and his demeanor on cross-examination, to affect the verdict. On cross-examination, he seemed confused and reluctant to testify. He also often hesitated for long periods before answering, giving the impression that he was either not sure of his testimony or was fabricating. This was in direct contrast to his direct examination, which was clear, responsive and perfectly recalled. Thus, it is apparent that the inconsistency in amounts, argued by plaintiff as controlling, is justifiable within the evidence. Indeed, under the Court's charge, the verdict would be sustainable at a lower amount.

■■ Nevertheless, there is another circumstance which, considered with the contributory negligence factor, eliminates any serious question of inadequacy. It was Dr. Stein's opinion testimony that plaintiff, who was 47 years old when injured, and 53 years old at trial, would be unable to continue to work past age 60 or 61 (N. T. 150). Dr. Stein arrived at this opinion by observing progressive changes in plaintiff's hypertrophic arthritis condition. However, this opinion was vigorously attacked on cross-examination (N. T. 170) and in defendant's closing address (N. T. 256) as being speculative, and this Court cannot hold defendant's position to be unreasonable. The opinion required a speculation of seven to eight

years into the future, and the progressive changes on which it was founded were admittedly slight. Thus, since a jury is not required to accept an expert's opinion as binding, and if defendant persuaded them not to believe Dr. Stein, a $30,000 item would be eliminated or reduced, thus further undermining the basis for plaintiff's arithmetic.

## II.

Defendant's protective motion for judgment N. O. V. or, in the alternative, for a new trial is admittedly conditional. The principal argument in defendant's brief seeks to sustain the verdict. Therefore, in light of the Court's decision to sustain the verdict, defendant's motion will be dismissed without further discussion.

Therefore, the Court, having found a sufficient basis in the record with which to support the verdict, enters the following

## ORDER

And now, to wit, this 27th day of June, 1967, for the reasons set forth above, it is ordered, adjudged and decreed that plaintiff's motion for new trial and defendant's protective motion for judgment N.O.V. or, in the alternative, for a new trial, be and they are hereby denied.

