129 N.J. Super. 303 (1974)
323 A.2d 525
ANTHONY SCALISE, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEBTOR IN REORGANIZATION AND THE TRUSTEE OF THE PROPERTY OF THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, JOHN E. FARRELL, DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 21, 1974.
Decided July 15, 1974.
*305 Before Judges KOLOVSKY, FRITZ, and DEMOS.
Mr. William F. Tuohey argued the cause for appellants and cross-respondents (Messrs. Milton, Keane & Brady, attorneys).
Mr. Francis Sorin argued the cause for respondent and cross-appellant.
PER CURIAM.
This negligence action, brought pursuant to the Federal Employers Liability Act, in which a violation of the Safety Appliance Act is alleged, resulted in a verdict for plaintiff in the amount of $36,000. Both sides moved for a new trial, which motions were denied. Defendants appeal, asserting that the verdict was the result of "mistake, passion, prejudice or partiality," and claiming reversible error in the judge's charge. Plaintiff cross-appeals, urging that because of a failure of an automatic coupler to function, the negligence of defendant railroad constituted a violation of the Safety Appliance Act, and he should not have been burdened with a contributory negligence charge nor have his verdict diminished by the application of a comparative negligence computation.
Defendants' claim of mistake in the verdict is bottomed on the quantum of the amount awarded. It is notable here that defendants utilized the services of several doctors in the examination and treatment of plaintiff following the accident. None of these was produced at the trial to testify, nor did defendants offer any other medical proofs. In the absence of proofs to contradict plaintiff's evidence, medical and otherwise, relating to his injuries, we cannot say that *306 the verdict was so excessive that a new trial should be required. Andryishyn v. Ballinger, 61 N.J. Super. 386, 393-395 (App. Div. 1960), certif. den. 33 N.J. 120 (1960). We do not perceive a miscarriage of justice. Dolson v. Anastasia, 55 N.J. 2 (1969); R. 4:49-1 and 2:10-1.
Defendants complain of the failure of the judge below to charge, as they had requested, that any damages awarded "will not be subject to Federal Income Taxation." The request was submitted on the authority of Domeracki v. Humble Oil, 443 F.2d 1245 (3 Cir.1971), cert. den. 404 U.S. 883, 92 S.Ct. 212, 30 L.Ed.2d 165 (1971), in which the following appears:
Given the absence of complications that an instruction would engender, the tax consciousness of the American public, and the general lack of knowledge about the statutory exclusion, we hold that in personal injuries actions the trial courts in this Circuit must, in the future, upon request by counsel, instruct the jury that any award will not be subject to federal income taxes and that the jury should not, therefore, add or subtract taxes in fixing the amount of any award. [443 F.2d at 1251].
At the outset, we observe that we are not bound by the decision. State v. Speciale, 96 N.J. Super. 1, 7 (App. Div. 1967), certif. den. 50 N.J. 291 (1967). We might well avoid the issue by doing what was done in Domeracki: rejecting the argument for reversal on the ground that here, as there, there is no evidence that the jury was motivated, in its judgment, to increase its award "based on mistaken considerations of tax consequences." (443 F.2d at 1252). But we think the Domeracki rule is not the proper one, and that the judge below was correct in his refusal to charge the request. The "absence of complications that an instruction would engender," assumed in Domeracki, gives us pause, and the conjecture which such an instruction might invite or suggest in the mind of a juror, who has also been told that damages may be awarded for lost wages, seems cause enough for a rejection of the rule. Cf. Botta v. Brunner, 26 N.J. 82 (1958).
*307 It is not without significance in our judgment, as Domeracki acknowledges, that the view there expressed is "new" among the circuits, that at least three circuits disagree with that view, and that the Domeracki "position we adopt has been accepted by only a handful of state jurisdictions." As a matter of fact, the majority disagrees. Gorham v. Farmington Motor Inn, Inc., 159 Conn. 576, 271 A.2d 94 (Sup. Ct. Err. 1970); Raines v. N.Y. Cent. R.R. Co., 51 Ill.2d 428, 283 N.E.2d 230 (Sup. Ct. 1972), cert. den 409 U.S. 983, 93 S.Ct. 322, 34 L.Ed.2d 247 (1972); Henninger v. Southern Pacific Co., 250 Cal. App.2d 872, 59 Cal. Rptr. 76 (Ct. App. 1967); Stallcup v. Taylor, 62 Tenn. App. 407, 463 S.W.2d 416 (Ct. App. 1970), see Annotation, "Propriety of taking income tax into consideration in fixing damages in personal injury or death action," 63 A.L.R. 2d 1393. We hold not only that there was no error, but that such a charge is improper.
The remaining issues, both on the appeal and cross-appeal, concern the judge's treatment of the equipment causing the accident: an automatic coupling device on a railroad car, and a chain used during its alleged inoperability. Defendant asserts that the trial judge erroneously found the chain to be a part of the automatic coupling device, and in charging the jury to this effect confused the jurors. Plaintiff urges that the mere failure of the coupler to function was a violation of the Federal Safety Appliance Act sufficient to remove contributory negligence from the case, and that therefore a verdict diminished by a percentage allowing for the contribution of plaintiff's negligence is improper. We have examined the record carefully, including the charge as a whole (State v. Wilbely, 63 N.J. 420 (1973)). We are content that the proper issues were clearly and correctly submitted, that the jury well understood the nature of these issues and that its verdict reflected his understanding, and that the verdict should not be disturbed.
Affirmed. No costs.