GUY BUSSELL, PLAINTIFF-APPELLANT, v. DEWALT PROD-
UCTS CORPORATION, DEFENDANT-RESPONDENT.

Argued September 22, 1986—Decided January 29, 1987.

*Andrew M. Rockman* argued the cause for appellant (*Pellettieri, Rabstein and Altman,* attorneys; *Mr. Rockman* and *E. Elizabeth Sweetser,* on the briefs).

*Clarkson S. Fisher, Jr.,* argued the cause for respondent (*Ober, Kaler, Grimes & Shriver,* attorneys).

The opinion of the Court was delivered by

STEIN, J.

This case and *Ruff v. Weintraub,* 105 *N.J.* 233 (1986), which we also decide today, require the Court to determine whether the effect of federal and state income taxes on personal-injury damage awards may be addressed by expert witnesses or

included in the jury charge. The specific issue in this case is whether the trial court must instruct the jury, upon request, that personal-injury damage awards are not subject to federal or state income tax. We agree with the Appellate Division that such an instruction is proper and should be given when requested. 204 *N.J.Super.* 288 (1985). However, we conclude that the failure to give an instruction on the taxability of the award in this case was not reversible error. Accordingly, we reverse the judgment of the Appellate Division and reinstate the judgment in favor of plaintiff.

I

On June 27, 1980, plaintiff, Guy Bussell, an employee of the Suburban Fence Company, was operating a radial saw made by defendant, DeWalt Products Corporation. Plaintiff held the wood he was cutting with his left hand. As he drew the saw inward with his right hand, a co-worker bumped his left elbow, pushing his left hand into the saw and severing his thumb and first three fingers.

Bussell filed suit alleging that DeWalt was strictly liable for his injuries. At trial, plaintiff called a number of experts to testify as to damages. An employability expert testified that due to his disability, limited education, and work experience, Bussell was not likely to find employment. He also projected what plaintiff's probable work-life would have been had he not been disabled. Based on this testimony, an economics expert testified about calculations that could be made to determine the lifetime earnings lost to plaintiff as a result of his injuries.

On direct examination, plaintiff's attorney asked the economist if he had adjusted his calculations to take into account the effect of income taxes. The expert testified that he had not, explaining that the computation of future income tax liability would be extremely difficult. He conceded, however, that the gross-wage calculation should be reduced to reflect the likely

impact of income taxes, and estimated that a 15 to 20 percent reduction would be appropriate.

Defendant's attorney did not specifically object to the testimony regarding gross wages and did not explore this point further on cross-examination. He did, however, move to have the entire testimony of the economist stricken as speculative. That motion was denied.

Before the trial court instructed the jury, defense counsel requested that the following charge be given:

> If you arrive at a verdict under the court's charge in favor of plaintiffs, you will not add any sum of money to the amount of the verdict on account of federal or state income taxes, since the amount awarded to a plaintiff by your verdict is not taxable income to the plaintiff within the meaning of these tax laws.

In response to the concern of plaintiff's attorney that the requested charge could prompt the jury to reduce its verdict, the trial court agreed to give a general charge on the nontaxability of personal-injury awards but not the specific charge requested by the defendant.

However, when the jury was charged, no instruction was given as to the taxability of the verdict. Defense counsel brought this omission to the court's attention. The trial court then gave a supplemental charge to the jury but again omitted the instruction that personal-injury damage awards are not taxable. Defense counsel did not raise the issue again.

The jury returned a verdict for plaintiff of $600,000. On appeal, the Appellate Division held that a jury must be instructed upon request that personal-injury damage awards are not subject to federal and state income tax. 204 *N.J.Super.* at 293. The court found that the failure to give the instruction in this case was "clearly capable of producing an unjust result," and remanded the case for a new trial on damages. *Id.* at 294.

## II

The Internal Revenue Code, 26 *U.S.C.* § 104(a)(2), excludes from gross income "the amount of any damages received * * * on account of personal injuries or sickness." The New Jersey

Gross Income Tax Act, *N.J.S.A.* 54A:6–6, also excludes from gross income damages for personal injury or sickness. The reason advanced for instructing juries regarding these provisions is that while juries are conscious of taxes, they are generally not aware that damage awards are exempt from taxation. Thus, they may be inclined to increase their verdicts on the mistaken assumption that the award will be subject to taxes. *See Domeracki v. Humble Oil,* 443 *F.*2d 1245 (3d Cir.), *cert.* denied, 404 *U.S.* 883, 92 *S.Ct.* 212, 30 *L.Ed.*2d 165 (1971). It is therefore urged that an instruction be given to avoid improperly inflated damage awards.

In determining that such an instruction is proper, our analysis is guided by the basic principle that the goal in setting damages is to compensate the plaintiff fairly and accurately for his losses. *See Tenore v. Nu Car Carriers,* 67 *N.J.* 466, 477 (1975); *New Jersey Power & Light Co. v. Mabee,* 41 *N.J.* 439, 441 (1964); *Deemer v. Silk City Textile Mach. Co.,* 193 *N.J.Super.* 643, 651 (App.Div.1984). We recognize that precision is unattainable, but we are convinced that fair and accurate verdicts are more likely to result when the instructions to the jury are clear and complete.

The plaintiff argues that an instruction on taxability, rather than clarifying the factors to consider in computing damages, will only confuse the jury and lead to unwarranted speculation. This position is not without support. *See, e.g., Gorham v. Farmington Motor Inn,* 159 *Conn.* 576, 271 *A.*2d 94 (1970); *Henninger v. Southern Pac. Co.,* 250 *Cal.App.*2d 872, 59 *Cal.Rptr.* 76 (1st Dist.1967); *Hall v. Chicago & Northwestern R.R. Co.,* 5 *Ill.*2d 135, 125 *N.E.*2d 77 (1955); Annotation, "Propriety of taking income tax into consideration in fixing damages in personal injury or death action," 16 *A.L.R.* 4th 589 (1982).

We find this argument unpersuasive. As the Third Circuit explained in *Domeracki v. Humble Oil, supra,* 443 *F.*2d at 1251:

The instruction requested * * * would not require the introduction of any additional evidence. No reference to any IRS regulation or to any specific statute would be necessary. No tax expert would need be summoned as a witness. No tax tables would be hauled into the courtroom. No additional computation would be required. In brief, such an instruction would not open the trial to matters irrelevant to traditional issues in personal injury litigation, and thus would in no way complicate the case or confuse the jury.

This view is consistent with our previous decision in *Tenore v. Nu Car Carriers, supra*, 67 *N.J.* at 493. In *Tenore*, we examined the propriety of an instruction on the nontaxability of a damage award in a wrongful-death action. We found that a general instruction on the tax exemption for damage awards is proper because it "imposes no new burden on the jury and there is nothing speculative about it." *Id.* at 489 (quoting *McWeeney v. New York, N.H. & H.R.R.*, 282 *F.*2d 34, 39 (2d Cir.), *cert.* denied, 364 *U.S.* 870, 81 *S.Ct.* 115, 5 *L.Ed.*2d 93 (1960)). Our holding in *Tenore* is also consistent with the recent trend in federal law. *See Norfolk & Western Ry. Co. v. Liepelt*, 444 *U.S.* 490, 100 *S.Ct.* 755, 62 *L.Ed.*2d 689 (1980); *Fanetti v. Hellenic Lines Ltd.*, 678 *F.*2d 424 (2d Cir.1982), *cert.* denied, 463 *U.S.* 1206, 103 *S.Ct.* 3535, 77 *L.Ed.*2d 1387 (1983). Several other states have also adopted this rule. *See, e.g., Looft v. Missouri P.R. Co.*, 104 *Ill.App.*3d 152, 60 *Ill.Dec.* 253, 432 *N.E.*2d 1152 (Ill.App.Ct.1982); *Blanchfield v. Dennis*, 292 *Md.* 319, 438 *A.*2d 1330 (1982); *Abele v. Massi*, 273 *A.*2d 260 (Del. Super.Ct.1970).

Although we specifically limited our holding in *Tenore* to wrongful-death cases, 67 *N.J.* 466, 494 n.27, we agree with the Appellate Division that there is "no reason why the *Tenore* rule in wrongful-death actions in New Jersey should not also apply in personal injury actions." 204 *N.J.Super.* at 293.[1] We there-

---

[1]In limiting our holding in Tenore to wrongful-death cases, we expressly declined to reexamine the decision in *Scalise v. Central R.R.*, 129 *N.J.Super.* 303 (App.Div.1974). *Scalise* was a personal-injury action brought under the Federal Employer's Liability Act (FELA), 45 *U.S.C.* §§ 51–60. The Appellate Division in that case declined to follow the Third Circuit's opinion in *Domeracki v. Humble Oil, supra*, 443 *F.*2d 1245, and upheld the trial court's refusal to charge

fore apply our reasoning in *Tenore* and hold that, when properly requested, the trial court should instruct the jury that damage awards in personal-injury cases are not subject to federal or state income taxes.

Although the precise wording of the instruction will vary, depending on the evidence presented and the circumstances of the case, we concur with the Appellate Division's observation that instructions on taxability should be "brief and easily understood." 204 *N.J.Super.* at 293. For example, we note the charge that was approved by the United States Supreme Court in *Norfolk & Western Ry. Co. v. Liepelt, supra,* 444 *U.S.* at 492, 498, 100 *S.Ct.* at 759, 62 *L.Ed.*2d at 693, 696:

> Your award will not be subject to any income taxes, and you should not consider such taxes in fixing the amount of your award.

Because of its clarity and simplicity, the charge upheld in *Liepelt* is unlikely to confuse a jury, and is therefore preferable to the charge requested in this case.

In sum, we hold that, upon request, the trial court in a personal-injury case should instruct the jury that personal-injury damage awards are not subject to federal or state income taxes. We are confident that such a charge can be given without creating unnecessary confusion. We are also convinced that it will contribute to the accuracy of jury verdicts by preventing the inflation of damage awards on the mistaken assumption that the judgment will be taxable.[2]

---

the jury on the tax exemption for damage awards. Since that time, the United States Supreme Court has held, in *Norfolk v. Western Ry. Co. v. Liepelt, supra,* 444 *U.S.* 490, 100 *S.Ct.* 755, 62 *L.Ed.*2d 689, that a jury charge on taxability should be given when requested in wrongful-death actions brought pursuant to the FELA. In *Fanetti v. Hellenic Lines Ltd., supra,* 678 *F.*2d at 431, the Second Circuit extended the holding in *Liepelt* to all claims for future wages based on federal law, effectively overruling *Scalise.* We now take this opportunity to overrule *Scalise* to the extent that it has been applied to claims based on state law.

2 Our decisions in this case and in *Ruff v. Weintraub, supra,* 105 *N.J.* 233, where we hold that damages for lost future wages should be based on net

## III

The Appellate Division found that the failure of the trial court in this case to instruct the jury that the damage award is not taxable was "clearly capable of producing an unjust result." 204 *N.J.Super.* at 294; *see R.* 2:10–2. The court based this determination on the effect of the testimony given by plaintiff's economics expert, finding that the jury may have increased the verdict in the mistaken belief that the award would be taxable.

■ However, we find no evidence that the jury inflated the damage award to account for taxes. The only reference to taxes that occurred during the trial was in the testimony of plaintiff's economics expert regarding formulas to use in calculating the plaintiff's future lost wages. On direct examination, the expert testified that his calculations were based on gross-wage figures, but conceded that net wages were the proper measure of damages. The expert then estimated that a fifteen to twenty percent deduction in the gross-wage figure would be appropriate.

It is not likely that this limited reference to taxes would lead the jury to inflate its damage award. If this testimony did

---

income, are aimed at ensuring that jury verdicts in personal injury cases are as accurate as possible. We believe this goal is furthered when a jury is generally aware of the tax implications of its award.

We note that although damage awards are not subject to income tax, the interest earned on an award after it is invested is presently taxable. In wrongful-death cases, this factor is taken into account in the context of an instruction on the method of discounting the award to present value. *See* Model Jury Charges, Civil § 6.15; *Feldman v. Allegheny Airlines,* 524 *F.*2d 384 (2d Cir.1975). The jury is told that an after-tax interest rate should be used to calculate the appropriate discount rate. *Id.* We are of the view that this instruction is also appropriate in personal-injury cases. *See Jones & Laughlin Steel Corp. v. Pfeifer,* 462 *U.S.* 523, 537, 103 *S.Ct.* 2541, 2550, 76 *L.Ed.*2d 768, 783 (1983). In the event other significant tax issues are raised in particular cases requiring further instructions to the jury, we entrust to the trial courts the task of fashioning the appropriate charge.

alert the jurors to the issue of taxes, the thrust of the testimony was to suggest that the jury should decrease rather than increase the award.

Moreover, the trial court carefully charged the jury on the proper measure of damages. Two methods for computing future lost wages were given. We are convinced that either of these methods, combined with plaintiff's proofs regarding the other elements of damages, could reasonably have supported a verdict of $600,000.

We therefore find no indication that the jury inflated the damage award because of the economist's testimony or a mistaken belief that the award was taxable. The trial court's failure to include the instruction on nontaxability, in the context of its otherwise careful instructions on the proper measure of damages, did not have the clear capacity to lead to an unjust result. *See State v. Macon,* 57 *N.J.* 325, 337–38 (1971); *Dorn v. Transport of N.J.,* 200 *N.J.Super.* 159, 166 (App.Div.1984). Accordingly, we reverse the judgment of the Appellate Division and reinstate the judgment in favor of plaintiff.

POLLOCK, J., concurring in part and dissenting in part.

I agree substantially with the majority opinion, except for the result. Like the majority, *ante* at 223, and the Appellate Division, 204 *N.J.Super.* 288, 292–94 (1985), I believe that the trial court committed reversible error in failing to charge the jury that personal injury awards are not subject to federal or state income tax. Unlike the majority, *ante* at 229, but still like the Appellate Division, I conclude that the failure to so instruct the jury was "clearly capable of producing an unjust result." *Id.* at 294; *see R.* 2:10–2.

My difference with the majority arises from our varying perceptions of the importance of jury instructions, a difference that has significant practical implications in this case. The

verdict was $600,000, which together with prejudgment interest of $192,000 led to the entry on March 21, 1984, of a $792,000 judgment. Interest continues to accrue at 1%, or $6,000 per month, a total of $198,000 to date, which when added to the judgment produces a grand total to date of $998,000, nearly $1,000,000. While remaining sensitive to the value to the plaintiff of preserving the award, I cannot ignore the impact on the defendant of so substantial a judgment. The erroneous charge bears a direct relationship to the size of the verdict and is too important to disregard.

Because it was not instructed that the award was tax free, "[t]he jury may, for example, have increased a planned $480,000 verdict by $120,000 in the mistaken belief that 20% of the total of $600,000 would be withheld for federal income taxes." *Id.* at 294; *see also Tenore v. NuCar Carriers,* 67 *N.J.* 466, 495 (1975) (instruction on taxation should have been given "to prevent a jury which might think otherwise from improperly increasing the verdict to protect plaintiff from the impact of such taxes"). Although the correct charge was twice requested by defense counsel and agreed to by plaintiff's counsel, it was not given to the jury. Insofar as plaintiff's damages are concerned, the failure to give that charge cannot, in my opinion, be considered harmless error. The error, however, should not affect the determination of liability in plaintiff's favor. Like the Appellate Division, I would remand for a new trial on damages only.

*For reversal*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, O'HERN, GARIBALDI and STEIN— 6.

POLLOCK, J., concurring in part and dissenting in part.