NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-4207
_____

SANIA MAHMOOD,
                                        Appellant

v.

JOSEPH NARCISO; MAYFLOWER TRANSIT, LLC;
ABC CORPORATION (1-100), said names being fictitious;
VANTAGE BLUE; XYZ CORPORATION (1-100), said names being fictitious;
JOHN DOES (1-100), said names being fictitious

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Action No. 3-09-cv-02656)
Magistrate Judge: Honorable Douglas E. Arpert

_____

Argued November 7, 2013
_____

Before: GREENAWAY, JR., VANASKIE, and ROTH, *Circuit Judges*.

(Opinion Filed: December 17, 2013)

Katherine A. North, Esq.
Randolph H. Wolf, Esq. [ARGUED]
214 Broad Street
P.O. Box 8938
Red Bank, NJ 07701-0000
          *Counsel for Appellant*


Jeffrey A. Segal, Esq. [ARGUED]
Weber, Gallagher, Simpson, Stapleton, Fires & Newby
305 Fellowship Road
Suite 200
Mount Laurel, NJ 08054
          *Counsel for Appellees*

————————

OPINION

————————


GREENAWAY, JR., *Circuit Judge*.

Sania Mahmood ("Mahmood" or "Appellant") appeals the judgment of the District

Court[1] entering a jury verdict and denying a motion for a new trial. For the reasons

discussed below, we will affirm the District Court.

## I.  Background

Because we write primarily for the parties who are familiar with the facts and

procedural history, we recount only the essential facts. On June 12, 2007, Mahmood was

---

[1] The parties consented to the exercise of jurisdiction by a United States
Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. As such,
Magistrate Judge Arpert sits as the District Court for this matter.

driving on the New Jersey Turnpike when a tractor-trailer moved into her lane, colliding with her vehicle and crashing it into the center median of the highway.

On May 11, 2009, Mahmood filed a complaint in the Superior Court of New Jersey, naming Joseph Narciso Jr., Mayflower Transit, LLC, XYZ Corporation, and Vantage Blue Solutions, Inc. as Defendants (collectively, "Appellees" or "Defendants").[2] Defendants removed the matter to the United States District Court for the District of New Jersey based on diversity of citizenship.

Magistrate Judge Arpert presided over the five day jury trial. Since the parties had stipulated to the liability of Defendants, the sole issue at trial was damages. The jury awarded Mahmood $25,000 in compensatory damages. Mahmood moved for a new trial. In her moving papers, Mahmood argued that the damages award: (1) did not reflect the extent of her injuries and is manifestly unjust; and (2) that the jury had information that may have impermissibly influenced its decision. Judge Arpert denied the motion.

Now Appellant argues that Judge Arpert made several errors at trial. First, he improperly excluded evidence regarding the mechanics of the accident; second, he improperly curtailed the expert testimony of Dr. Skolnick; and third, he denied a motion seeking a new trial based on a damages award that was manifestly unjust. None of these claims have merit.

## II. Jurisdiction

The District Court had jurisdiction under 28 U.S.C. § 1332. This Court has

3

jurisdiction pursuant to 28 U.S.C. § 1291.

### III. *Analysis*

### A. Exclusion of Evidence Concerning the "Mechanics of the Accident"

Appellant contends that the District Court abused its discretion and committed reversible error when it excluded evidence relating to the nature and severity of the automobile collision. (Appellant Br. 2.)[3]

"We review the district court's evidentiary rulings principally on an abuse of discretion standard." *Complaint of Consolidation Coal Co.*, 123 F.3d 126, 131 (3d Cir. 1997). An abuse of discretion occurs only where the district court's decision is "arbitrary, fanciful, or clearly unreasonable"—in short, where "no reasonable person would adopt the district court's view." *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009).

From the onset of the trial, the defense objected to the introduction of evidence relating to the force of impact and the circumstances surrounding the tractor-trailer's collision. At several instances, the District Court excluded testimony concerning the

---

[2] Only Mayflower Transit, LLC and Narciso are parties to this appeal.

[3] Appellant also argues that New Jersey law governing admission of evidence applies to this action by the application of the *Erie* doctrine. Federal courts in diversity cases are bound to apply federal rules "so long as they can rationally be viewed as procedural." *Salas by Salas v. Wang*, 846 F.2d 897, 906 (3d Cir. 1988). We find the evidentiary rulings here to be largely procedural, and therefore review the District Court's rulings under federal rules. *Cf. In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 761 n. 31 (3d Cir. 1994) (declining to apply state procedural law reasoning that "Pennsylvania substantive law does not change the federal standard for the admissibility of expert testimony").

condition of Mahmood's car following the accident, reasoning that "[i]t's not an element of this case." (App. 446.)

Contrary to Appellant's characterization, however, evidence relating to the circumstances of the accident was not categorically excluded at trial. In particular, Appellant was permitted to testify in varying details about the effects of the accident. (*See, e.g.*, App. 241 ("I was crushed between the tractor trailer and the guardrail, and my car was lifted five feet up high."); *id.* at 242 ("I lost control of my body. I didn't have any control over anything, steering wheel or anything.").) In addition to evidence adduced at trial, counsel brought the details of the accident to the jury's attention in his opening statement. (*See id.* at 206 ("[W]hen that 18-wheeler put her up against that guardrail, she felt the car shake; she felt herself move inside the car; and she found herself with the car being lifted off the ground.").)

Given that the basic background of the accident was allowed into the trial record, the *extent* to which details of the accident were deemed relevant falls within the broad discretion of the District Court. While Rule 401's broad definition of relevant evidence "diminishes substantially [a judge's] authority to exclude evidence as irrelevant[,]" *Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992), it also does not license litigants to introduce whatever evidence they deem to be relevant. *See In re Merritt Logan, Inc.*, 901 F.2d 349, 359 (3d Cir. 1990) ("The admission or exclusion of evidence is a matter particularly suited to the broad discretion of the trial judge.").

Having ruled from the bench, the District Court did not explicitly articulate a Rule

403 analysis.[4]  But it appears, based on its statement to Mahmood's counsel,  that the Court found the probative value of introducing evidence relating to the collision beyond a simple description to be outweighed by the potential prejudice of inciting sympathy from the jury.  (*See* App. 238-39 ("If your representation is that she's going to give a brief description in order to set the stage for her damages, I think that's appropriate. If you go too much further into the drama of all this, then I think we have a problem.").)  While we discourage a categorical stance on whether details of an accident are relevant for determining damages, we find the District Court's rulings to be appropriate here, given that New Jersey law on damages "is to compensate the plaintiff fairly and accurately for his losses." *Bussell v. DeWalt Prods. Corp.*, 105 N.J. 223, 227 (N.J. 1987).

Therefore, we find no abuse of discretion in the District Court's exclusion of certain testimony regarding the mechanics of the accident.


## B. Exclusion of Expert Testimony

Appellant argues that the District Court abused its discretion when it prematurely excluded portions of Dr. Skolnick's medical conclusions.  (Appellant Br. 19.)[5]

---

[4] This Court has stressed that a trial court should articulate its balancing analysis. *See Glass v. Philadelphia Elec. Co.*, 34 F.3d 188, 191 (3d Cir. 1994).  That a district court failed to take the opportunity to articulate its balancing, however, does not constitute reversible error.  *See id.* at 192.

[5] Rule 702 of the Federal Rules of Evidence states the following: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge,

This Court reviews "a district court's application of Rule 702, as well as the decision whether to grant a *Daubert* hearing, for abuse of discretion . . . ." *Elcock v. Kmart Corp.*, 233 F.3d 734, 745 (3d Cir. 2000).

In *Daubert,* the Supreme Court held that "[f]aced with a proffer of expert scientific testimony . . . the trial judge must determine at the outset . . . whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993). Under *Daubert*, courts must address a "trilogy of restrictions" before permitting the admission of expert testimony: qualification, reliability and fit. *Schneider ex rel. Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). The party offering the expert must prove each of these requirements by a preponderance of the evidence. *In re TMI Litig.*, 193 F.3d 613, 663 (3d Cir. 1999).

In the instant case, defense counsel filed an *in limine* motion to preclude Dr. Skolnick, a licensed medical doctor in New Jersey, from testifying on several conclusions reached in his reports. After the District Court heard oral argument on the issue, it issued an order granting the motion. (App. 3.) The portions excluded by the District Court were: (1) his diagnosis of TMJ syndrome; (2) his conclusion that Mahmood was limited to sedentary employment; and (3) his recommendation that Mahmood undergo cervical fusion surgery.

---

skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . ." Fed. R. Evid. 702.

In coming to the conclusion, the District Court appears to have determined that Dr. Skolnick's findings do not meet the "reliability" prong of *Daubert*.[6] The reliability requirement of *Daubert* "means that the expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his or her belief." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) (*"Paoli II"*) (quoting *Daubert*, 509 U.S. at 590).

While it is possible that Dr. Skolnick had an independent basis to reach conclusions in his reports, they scarcely contained analysis — beyond a litany of sources listed as reviewed — showing how he reached his conclusions. As the District Court pointed out, there was a tenuous link between the sources consulted and the conclusions reached in Dr. Skolnick's reports. (*See, e.g.*, App 9-10 ("[T]here are insufficient references in the Plaintiff's medical records and reports of other physicians to support this opinion.").) The record indicates, for instance, that Dr. Skolnick relied on Dr. Lowe's findings to recommend cervical fusion surgery. (*Id.* at 65 ("As far as future treatment, the patient has already been indicated for cervical spine anterior cervical fusion. I agree with his treatment program.").) But Dr. Lowe's report merely identified cervical spine anterior fusion as a treatment of last resort. (S.A. 26-28). Defense counsel also conceded that Dr. Lowe was not going to testify about the need for cervical surgery,

---

[6] Dr. Skolnick's reports meet the other two prongs of the *Daubert* analysis. Indeed, the District Court's order correctly implied that Dr. Skolnick met the "qualification" prong. (*See* App. 9-10 (observing that Dr. Skolnick's opinion "may be within his area of

removing a significant basis for how Dr. Skolnick came to his conclusion. (S.A. 31.)

Given those circumstances, it was not unreasonable for the District Court to find Dr.

Skolnick's reports to be unreliable. *See Paoli II*, 35 F.3d at 746 (holding that judges may

exclude evidence "if the flaw is large enough that the expert lacks 'good grounds' for his

or her conclusions").

Appellant argues that the record was insufficiently developed for the District

Court to preclude Dr. Skolnick from testifying as to the three issues. We are not

persuaded. The District Court heard oral argument on the motions *in limine*, where the

trial counsel for Mahmood was unable to produce satisfactory answers as to how Dr.

Skolnick reached his conclusions. While we continue to endorse the view that medical

reports need not be replete with elaborate details concerning the findings, we also

recognize that "the law grants a district court the same broad latitude when it decides how

to determine reliability as it enjoys in respect to its ultimate reliability determination."

*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141-42 (1999) (emphasis omitted).

Accordingly, we conclude that the District Court's ruling does not constitute an

abuse of discretion that warrants reversal.

**C. Motion for a New Trial on Grounds that Jury Verdict was Manifestly Unjust**

Appellant argues that the District Court erred by denying its motion for a new trial

---

expertise"). We find that the "fit" prong of the analysis was also validly presupposed by
the District Court.

on grounds that the jury's verdict was shockingly disproportionate to the injuries. (Appellant Br. 31.)

This Court reviews the District Court's denial of a new trial for abuse of discretion. *See American Bearing Co. Inc. v. Litton Indus.*, 729 F.2d 943, 948 (3d Cir. 1984). A court should grant such a motion "only when the record shows that the jury's verdict resulted in a miscarriage of justice or when the verdict, on the record, cries out to be overturned or shocks our conscience." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991).

Appellant's argument primarily rests on the fact that Defendants stipulated to liability and made an offer of judgment in the amount of $250,000. Appellant argues that the jury's damage award was shockingly disproportionate given that "defendants themselves perceived the value of the case to be ten times what the jury awarded." (Appellant Br. 32). We are not persuaded.

An offer of judgment could have been made for numerous reasons, including the economics of trial costs and uncertainty of a jury trial. As our Court has held previously, we must "acknowledge the extraordinary number of inferences that the jury must have drawn in order to reach the verdict that it did." *Roebuck v. Drexel Univ.*, 852 F.2d 715, 736 (3d Cir. 1988). We find that the jury verdict in this case is not manifestly unjust or that a miscarriage of justice would result if the verdict were to stand. *Cf. Gurley v. Blumer*, 370 F.2d 497, 498 (3d Cir. 1967) (finding that a jury verdict that awarded $2,500 damages for a wrongful death action was not shockingly inadequate).

10

Therefore, we conclude that the District Court did not abuse its discretion in denying Appellant's motion for a new trial.

## D. Motion for New Trial on Grounds of Alleged Jury Misconduct

Appellant argues that the District Court erred in denying Plaintiff's motion for a new trial on grounds that the jury improperly considered information regarding Defendants' offer of judgment. (Appellant Br. 37.)

We review the District Court's investigation of the juror misconduct as well as its denial of a mistrial for abuse of discretion. *See United States v. Clapps*, 732 F.2d 1148 (3d Cir. 1984).

Appellant's allegation is based on the undisputed fact that two weeks *after* the trial, a juror contacted the defense counsel's office, inquiring as to whether or not the "offer of judgment" was higher or lower than the jury verdict. The defense counsel never spoke with the juror, and promptly informed Judge Arpert confirming the receipt of a telephone call. The District Court thereafter conducted a telephone conference. After hearing from both sides, the District Court concluded that the jury's inquiry may be attributed to the fact that both counsel referenced, during trial, that they were unsuccessful at negotiating a settlement.

As the District Court correctly observed, there was sufficient circumstantial evidence for a reasonable jury to infer that an offer of settlement was made. During his opening argument, for instance, counsel for Appellees alluded to prior settlement talks,

11

stating to the jury that "the company has tried to compensate Ms. Mahmood."  (App.

214.)  Mahmood's trial counsel also implied on several occasions that a settlement talk

had failed.  (*Id.* at 218 ("They tried to compensate her, they failed.").)

Therefore, we find that the District Court did not abuse its discretion in denying a

motion for new trial on grounds of jury misconduct.


### IV. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.