Octavio **MASSI**, widower of Erminia Massi, *deceased, and Octavio Massi*, Administrator of the Estate of Erminia Massi, Plaintiff,

v.

George **ABELE**, Defendant.

Superior Court of Delaware, New Castle.

Jan. 8, 1970.

---

verdict in favor of the widower, Octavio Massi, in the amount of $35,000. From this award, defendant George Abele moves for a new trial or a remittitur.

Defendant's primary objection is to the instruction of the Court which permitted the jury to consider the evidence produced at trial on the pecuniary loss of certain household services suffered by the plaintiff as a result of the death of his wife. These were services that she would have in all probability rendered to him had she not met with accidental death. Octavio Massi's life expectancy was 13.2 years. In this connection, defendant also complains about the evidence produced by plaintiff's economist in reference to the labor market.

■ I am aware of the fact that there is decisional law in this State which indicates that loss of consortium as such is not a compensable item to consider in a case of this nature. See Reynolds v. Willis, Del., 209 A.2d 760. However, where a pecuniary loss can be established by plaintiff in a wrongful death case, it should be a compensable item. Loss of certain household services formerly performed by the deceased is such a pecuniary loss for which compensation should be allowed if such loss is established by a preponderance of the evidence. Even though Bennett v. Andree, 252 A.2d 100 (Supreme Court, Del., 1969), does not deal directly with this point, nevertheless, there is language in the opinion which would indicate that my conclusion herein is a proper one. In that case, the Court indicated that a plaintiff would be entitled to his widow's earnings or income that he probably would have received for his use or otherwise and "any other pecuniary loss [he] may sustain by reason of the wrongful death of [his wife]". (See page 102). To establish this special loss, plaintiff produced an expert. The evidence so produced was proper for the consideration of the jury, taken together with all the other evidence in the case on the loss sustained, and I so rule.

John A. Faroane, Wilmington, for plaintiff.

James F. Kipp, Wilmington, for defendant.

STIFTEL, President Judge.

Octavio Massi sued for pecuniary damages as the widower of Erminia Massi. On November 13, 1969, the jury returned a

Defendant also complains that it was error for the Court not to instruct the jury that the award was not subject to taxation under the Internal Revenue Code. Inadvertently, as a result of questioning by the defendant, the economist made some mention which indicated that a final jury award was taxable under the Federal Internal Revenue Code. The Court immediately told the economist, in the presence of the jury, that this was improper evidence. Under the circumstances, no more than this had to be done.

In paragraph 7 of his motion, the attorney for the defendant produced certain information which was not part of the record in this case. The disclosure is that the deceased's employer, as a consequence of an eminent domain proceeding against the employer's property, has an uncertain future in the State of Delaware. This evidence, produced for the first time on defendant's motion, is speculative. At any rate, it was not produced as part of the evidence in the case and cannot be considered at this late date. There is no indication that any fraud was perpetrated by its omission.

I do not find that the verdict in this case was against the law or against the evidence. Defendant's motion for a new trial is hereby denied.

Defendant says this award was excessive. This plaintiff was a foreign-born individual who had a tremendous amount of dependence on a wife who understood him, catered to his every wish and desire, and who, in fact, delivered her entire paycheck to him each payday. Her death was an immense pecuniary loss to him. I find under the facts and circumstances of this case that $35,000 for the pecuniary loss occasioned here is not excessive. Defendant's motion for remittitur is denied.

It is so ordered.