**George ABELE, Defendant Below, Appellant,**

v.

**Octavio MASSI, Widower of Erminia Massi, deceased, and Octavio Massi, Administrator of the Estate of Erminia Massi, deceased, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Dec. 29, 1970.

James F. Kipp of Becker, Kipp & Reardon, Wilmington, for appellant.

John A. Faraone, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal in an action brought by a husband for the wrongful death of his wife in which the jury returned a verdict of $35,000. Three questions are presented:

A. That plaintiff's evidence as to decedent's last earnings was insufficient;

B. That error was committed by not instructing the jury that any award by the jury was not subject to federal or state income tax;

C. That error was committed by permitting the jury to consider evidence as to the husband's loss of the household services of the decedent.

A.

The decedent had been employed by Exeter Hosiery Mills since 1961 five days a week. Plaintiff called an economist as an expert witness who, over objection, projected decedent's gross future earnings over the probable period of her continued employment and discounted the gross sum to a present-day dollar amount.

This is argued to be error because the gross figure was not reduced by taking into consideration the possible impact of income taxes on her earnings. We think, however, to the contrary. As a general proposition, the impact of income taxes on future earnings is not to be taken into account in the determination of an award for loss of earnings. See Annotation, 63 A.L. R.2d 1393.

It is of course true that since the proper purpose of an award of damages is to compensate adequately a plaintiff for what he

has been deprived of, this could be more fairly accomplished by considering net rather than gross income when loss of earnings is being considered. However, to try to determine the income tax on projected future earnings is to engage in a most speculative activity. There are no firm guidelines to follow. Idealism must therefore give way to practicality.

We accordingly find the plaintiff's evidence concerning loss of earnings to be sufficient.

### B.

■ In the course of his testimony, the economist called by the plaintiff volunteered the statement that any award made to the plaintiff by the jury would be subject to federal and state income taxes. No objection was made, but the trial judge *sua sponte* struck the testimony and instructed the jury to disregard it. Later, the defendant requested that the jury be instructed that any award given would not be subject to income taxes. The requested instruction was not given.

At the present time, taxes are so much on everyone's mind that it is almost inconceivable that a jury would not wonder whether or not its award would be subject to income taxes. Similarly, there is a danger that in determining the amount the jury might well increase or decrease it in accordance with its opinion as to taxability.

This possibility makes it apparent that the jury should in all cases be given specific instructions upon the matter. We recognized this in State Highway Department v. Buzzuto, 264 A.2d 347 (Del.1970), handed down after the trial in the case at bar, in which we held that it was reversible error to fail to give the instruction.

For the guidance of the trial judge on the retrial of this case, we suggest an instruction along the following lines:

"You are instructed that no part of an award for damages for wrongful death is subject to Federal or State Income Tax. Any amount you may determine to be proper compensation for the wrongful death should be neither increased nor decreased by any consideration for income taxes."

### C.

■ The trial judge permitted the jury to consider as an element of damage the pecuniary loss to the husband of the value of the household services rendered him by the decedent. In so doing, the trial judge committed reversible error.

Damages for loss of consortium are not recoverable in an action for wrongful death. Reynolds v. Willis, 209 A.2d 760 (Del.1965). Damages for loss of consortium include the loss of household services. Townsend v. Wilmington City Ry. Co., 7 Pennewill 255, 78 A. 635 (1907). It was plain error, therefore, to permit the jury to consider the value of household services as an element of damages.

The judgment below is reversed and the cause remanded for further proceedings not inconsistent herewith.