**Carl B. BENSON et al., Plaintiffs,**

v.

**Steven LYNCH et al., Defendants.**

**Civ. A. No. 75–129.**

United States District Court,
D. Delaware.

July 2, 1976.

Vincent J. Poppiti, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiffs; Allen E. Ertel, Ertel & Kieser, Williamsport, Pa., of counsel.

Dennis D. Ferri, Becker & Ferri, Wilmington, Del., for Lynch defendants.

Howard M. Berg, Berg, Komissaroff & Sawyer, Wilmington, Del., for Greitzer defendants.

## OPINION

STEEL, Senior District Judge:

The parties have orally requested a ruling in advance of trial on the following issues:

(1) whether plaintiffs can recover for the loss of Mrs. Benson's future earnings, and

(2) whether plaintiffs can recover for the loss of Mrs. Benson's services as a housewife.

The parties have submitted letter memoranda on the second issue, but both issues are addressed in this opinion.

### I. LOSS OF EARNINGS

Plaintiffs maintain that the loss of Mrs. Benson's earnings can be recovered by Mr. Benson suing as a widower under the Wrongful Death Act. Under the Wrongful Death Act a widow can recover the amount her deceased husband would have provided for her and their children had he lived. *Bennett v. Andree,* 252 A.2d 100, 102–03 (Del.Supr.1969). And a widower can also recover under the Wrongful Death Act for his pecuniary loss occasioned by loss of his wife's earnings. *Abele v. Massi,* 273 A.2d 260 (Del.Supr.1970), *aff'g on this ground but rev'g on another ground,* 262 A.2d 258 (Del.Super.1970). Consequently plaintiffs have a cause of action for loss of Mrs. Benson's earnings under the Wrongful Death Act.

However, Mr. Benson's recovery is measured not by what Mrs. Benson's gross earnings would have been but by the net amount which probably would have been received from the deceased by Mr. Benson and any dependent children. *Abele v. Massi, supra; Bennett v. Andree, supra; Lynch v. Lynch,* 9 W.W.Harr. 1, 195 A. 799, 804 (Del.Super.1937). This will be a matter for proof at trial.

### II. LOSS OF HOUSEHOLD SERVICES

Plaintiffs maintain that Mr. Benson can recover for loss of Mrs. Benson's household

services either under the Wrongful Death Act or in an individual action based on loss of consortium.

### A. *Action by Mr. Benson under the Wrongful Death Act*

 Plaintiffs argue that loss of the wife's household services is a pecuniary loss and thus recoverable under the Wrongful Death Act. According to the holding of the Supreme Court in *Abele v. Massi,* 273 A.2d 260 (Del.Supr.1970), loss of household services are included in loss of consortium which is not recoverable under the Wrongful Death Act.

### B. *Action by Mr. Benson individually for loss of Mrs. Benson's household services*

Recognizing that in Delaware damages for loss of consortium include the loss of household services, Mr. Benson seeks recovery for loss of Mrs. Benson's services under Mr. Benson's individual cause of action, independently of the action under the Wrongful Death Act.

Assuming, without deciding, that an action could have been maintained by Mr. Benson individually for loss of consortium if Mrs. Benson survived, the question remains whether the cause of action exists where Mrs. Benson has been killed rather than injured. The general rule is that although a husband can recover for his loss of consortium and his expenses resulting from injuries to his wife, "he can recover damages for such loss and expenses only to the time of her death. It follows that there is no remedy for the loss of consortium in cases of instantaneous death." 41 Am. Jur.2d Husband and Wife § 454 (and cases cited); see also *Archie v. Hampton,* 112 N.H. 13, 287 A.2d 622 (1972). No Delaware decision to the contrary has been called to the Court's attention. It is reasonable to believe that the Delaware courts would follow the general rule and deny Mr. Benson, suing individually and not under the Wrongful Death Act, a right to recover for loss of consortium and hence household services based upon Mrs. Benson's death.

### III. CONCLUSION

1. Under the Wrongful Death Act Mr. Benson is entitled to recover Mrs. Benson's net earnings which he and any dependent children would have received had she lived.

2. Under the Wrongful Death Act Mr. Benson is not entitled to recover for the loss of her household services.

3. Independently of the Wrongful Death Act Mr. Benson may not recover for loss of household services—i. e., loss of consortium—based upon Mrs. Benson's death.