Richard B. **ARMSTRONG, Plaintiff and Appellee,**

v.

Gerry **MINOR, Defendant and Appellant,**

and

Terry L. **Curry and Joseph A. Carlin, Defendants.**

No. 13526.

Supreme Court of South Dakota.

Argued Feb. 23, 1982.

Decided Aug. 18, 1982.

Franklin J. Wallahan of Hanley & Wallahan, Rapid City, for plaintiff and appellee.

Thomas H. Barnes of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendant and appellant.

WOLLMAN, Chief Justice.

This is an appeal from a judgment entered pursuant to a jury verdict in favor of appellee, Richard Armstrong, in a personal injury action. We affirm.

Appellee was fifty years old at the time of trial. In 1974, he injured his back in an

accident while operating a snowcat en route to a work site in Wyoming. As a consequence of that injury appellee underwent surgery involving a bone fusion from the fourth lumbar vertebra to the first sacral vertebra. He was left with a permanent fifteen percent functional disability or limitation of motion. After surgery he began an exercise program and his condition gradually improved. His physician advised him to avoid lifting anything more than twenty-five pounds and to avoid engaging in any activity that might cause reinjury to his back.

In 1976 appellee's family moved to Rapid City, where appellee continued follow-up care and treatment with Dr. Berkebile, an orthopedic surgeon. Appellee was advised to return to light duty work on December 1, 1976. He obtained employment repairing radio equipment. Although he was still plagued by pain when he first started working, appellee's condition continued to improve until he felt no back pain at all.

The multi-vehicle accident that gave rise to this lawsuit occurred on February 3, 1979, in Rapid City. A detailed explanation of the facts is not necessary to resolve the matters at issue on this appeal. It is sufficient to note that appellant was found to be at fault.

After the accident, appellee immediately began to suffer headaches and back pain. He is no longer able to sit comfortably for more than one-half hour. Since the accident he has daily suffered intense back pain and has undergone several spinal-column injections for pain.

Dr. Berkebile testified that appellee's functional disability had increased from fifteen percent of the whole body to twenty-five percent of the whole body as a result of the accident. In addition, he testified that the new injuries caused approximately a 500% increase in appellee's pain and that the pain and disability are permanent in nature. The jury awarded appellee $145,000.

■ Appellant's contention that the trial court erred in refusing to instruct the jury that any damages awarded for decreased future earning capacity would not be subject to income tax is answered by our recent decision in *Dehn v. Prouty*, 321 N.W.2d 534 (S.D.1982), wherein we held that juries should not be so instructed.

■ Appellant contends that the trial court erred in sustaining objections to questions posed on cross-examination by appellant's counsel that would have limited Dr. Berkebile's opinion to the "reasonable medical certainty" standard. In view of our holding that " '[m]edical experts are qualified to express their opinions based upon medical certainty or medical probability, but not upon possibility,' " *Thomas v. St. Mary's Roman Catholic Church*, 283 N.W.2d 254, 258 (S.D.1979), (quoting *Koenig v. Weber*, 84 S.D. 558, 569, 174 N.W.2d 218, 224 (1970)), the trial court did not err in sustaining the objections to the questions in issue.

We have considered the remaining issues raised by appellant and conclude that they are without merit.

The judgment is affirmed.

All the Justices concur.