## Cleon Stowell, Sr. v. Jeffrey B. Simpson and Bernard Simpson, Individually and as the Father of Jeffrey B. Simpson

[470 A.2d 1176]

No. 71-80

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed December 12, 1983

*Duncan Frey Kilmartin,* Newport, for Plaintiff-Appellee.

*James C. Gallagher* of *Downs Rachlin & Martin,* St. Johns-bury, for Defendants-Appellants.

**Underwood, J.** This tort case presents a question of first impression in Vermont. At issue is the necessity of giving the jury an instruction that personal injury awards are not subject to federal or state income taxes, because such awards could be inflated by erroneous income tax considerations. We realize that the trial court had no Vermont precedents for guidance, but since we are persuaded of the propriety of such an instruction, we are compelled to reverse and remand for a new trial on the issue of damages.

Before the jury was charged, counsel for the defendants requested the following instruction:

If Plaintiff should be awarded damages by you, they will not be subject to federal or state income taxation and, consequently, you should not add any sum to your verdict as compensation for income taxes.

The trial court refused to give this instruction and defendants objected. Defendants also challenged the failure of the trial court to give the instruction by way of motions for judgment notwithstanding the verdict and new trial. These were denied and this appeal followed.

This case involved a personal injury action. The injuries to plaintiff resulted from an automobile accident which occurred on the early morning of October 21, 1974. Plaintiff, his son, and both defendants left a horse-pulling contest in Keene, New Hampshire, in a car owned by defendant Bernard Simpson and his wife. Bernard Simpson originally drove and plaintiff was in the front passenger's seat. Some time later, Bernard Simpson asked his son, Jeffrey Simpson, also a defendant, to drive. They switched places and Jeffrey Simpson drove until the accident occurred. Apparently Jeffrey Simpson fell asleep while driving along Interstate 91 in Windsor, Vermont; a single-car accident occurred when the vehicle veered from the highway. Plaintiff was seriously injured in the accident and instituted the action below for damages, including loss of future income because of possible permanent disabilities.

After trial, the jury returned a general verdict against defendant Jeffrey Simpson for $113,895 and against defendant Bernard Simpson for $227,788.

Defendants raise several issues on appeal. Because we find error in the trial court's failure to give the above instruction, that is the only issue we address.

Section 104(a)(2) of the Internal Revenue Code, 26 U.S.C. § 104(a)(2), exempts personal injury awards from taxable income. Since the Vermont personal income tax is based on federal income tax liability, 32 V.S.A. § 5822, personal injury awards are also exempt from Vermont income taxation. Defendants argue that juries, unaware of this exemption, may erroneously conclude that personal injury awards are taxable and add to them to compensate for this. Just how likely or unlikely such events are we will probably never know.

The record reveals that plaintiff's expert spent considerable time on direct and cross-examination addressing plaintiff's loss of future income and explaining the methodology he used to calculate his estimate of plaintiff's loss. On at least two

occasions, plaintiff's expert indicated that, while calculating his estimate of plaintiff's loss of future income, he added twenty-five percent to a certain sum to account for federal and state income taxes. Essentially, the expert's testimony indicated that for the plaintiff to net $6,000 in annual non-cash income, it was necessary for him to earn $8,000. Appellants argue that the testimony may well have instilled an impression in the minds of jurors that their award for the plaintiff would be subject to personal income taxes once plaintiff received it. We agree that the risk of the jury erroneously adding to an award to compensate for supposed taxes was sufficiently great to warrant the instruction requested by the defendants.

We realize that a majority of jurisdictions do not find reversible error for a failure to give such an instruction on income taxes. See the cases noted in 63 A.L.R.2d 1393 §§ 6(a)–6(c) (1959) and A.L.R.2d Later Case Service. Many of these decisions, however, required the jury, when actually calculating damages for future lost wages, to consider the impact of income taxes. The instruction requested below would in no way inject income tax consideration into the calculus used to compute the lost income, but would become operative only after the jury had determined its award. This distinction was observed in a recent Maryland decision affirming the lower court which had required a similar instruction. *Blanchfield* v. *Dennis*, 292 Md. 319, 323 n.5, 438 A.2d 1330, 1332 n.5 (1982), *affirming, as modified, Dennis* v. *Blanchfield*, 48 Md. App. 325, 428 A.2d 80 (1981). In the instant case, the parties have not raised, and we do not address, jury instructions appropriate for calculating the actual award for lost income. Some courts which do not require a nontaxability instruction do not allow mention of income taxes at all during the trial. See, e.g., *Hall* v. *Chicago & North Western Railway*, 5 Ill. 2d 135, 152, 125 N.E.2d 77, 86 (1955). In the instant case, however, the trial court did not bar all mention of income taxes. Cf. *Tenore* v. *Nu Car Carriers, Inc.*, 67 N.J. 466, 490–95, 341 A.2d 613, 626–28 (1975). More importantly, the record in the instant case reveals discussion of income taxes by plaintiff's expert on several occasions.

Recently, the United States Supreme Court and several

state courts have held it reversible error not to give an instruction on the nontaxability of personal injury awards.* In 1980, the United States Supreme Court required the following instruction: "[Y]our award will not be subject to any income taxes, and you should not consider such taxes in fixing the amount of your award." *Norfolk & Western Railway* v. *Liepelt*, 444 U.S. 490, 492 (1980) (wrongful death action). This case involved an action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (FELA). However, it now seems to have significantly wider applicability. In *Gulf Offshore Co.* v. *Mobil Oil Corp.*, 453 U.S. 473, 486–88 (1981), the Court indicated that the rule requiring the nontaxability instruction would not be limited to FELA actions. The Court observed that "the instruction furthers strong federal policies of fairness and efficiency in litigation of federal claims." *Id.* at 487. As such, the Court indicated that the instruction was based on "federal common-law," *id.* at 486, rather than on Congressional enactment. Thus, the applicability of *Liepelt* in federal courts is far wider than it first appeared, and its persuasive value is much enhanced.

The *Liepelt* Court concluded as follows:

> We hold that it was error to refuse the requested instruction in this case. That instruction was brief and could be easily understood. It would not complicate the trial by making additional qualifying or supplemental instructions necessary. It would not be prejudicial to either party, but would merely eliminate an area of doubt or speculation that might have an improper impact on the computation of the amount of damages.

*Id.* at 498. We find this reasoning persuasive.

In 1981, the Maryland Court of Special Appeals specifically adopted the Supreme Court's reasoning in *Liepelt*. Quoting from that case, the Maryland court concluded:

---

* Defendants cited *Gradel* v. *Inouye*, 252 Pa. Super. 392, 410–12, 381 A.2d 975, 984–85 (1977), as requiring a nontaxability instruction. Research indicates, however, that *Gradel* was reversed on appeal to the Pennsylvania Supreme Court on this specific point. 491 Pa. 534, 546–47, 421 A.2d 674, 680 (1980).

[*Liepelt's*] reasoning is persuasive. Undoubtedly, today's juries are tax-conscious in making their awards . . . . [T]he instruction required in *Liepelt* is a simple and non-prejudicial way to deal with that tax-consciousness.

*Dennis v. Blanchfield, supra,* 48 Md. App. at 337, 428 A.2d at 87. The Maryland Court of Appeals essentially upheld the rule. *Blanchfield v. Dennis, supra,* 292 Md. at 326–27, 438 A.2d at 1334–35. On appeal the Court of Special Appeal's opinion was modified slightly by holding that there would be no error unless defendant requested the instruction. *Id.* at 326, 438 A.2d at 1334.

This instruction has long been required in Missouri. *Dempsey v. Thompson,* 363 Mo. 339, 344–47, 251 S.W.2d 42, 45 (1952). The Missouri Supreme Court focused upon the issue as follows:

> Can there be any sound reason for not so instructing the jury? We can think of none. Surely, the plaintiff has no right to receive an enhanced award due to a possible and, we think, probable misconception on the part of a jury that the amount allowed by it will be reduced by income taxes. Such an instruction would at once and for all purposes take the subject of income taxes out of the case.

*Id.* at 346, 251 S.W.2d at 45. For years, Missouri stood virtually alone in requiring this instruction.

In *Abele v. Massi,* 273 A.2d 260 (Del. 1970), the Delaware Supreme Court required an instruction similar to that requested by defendants below. The Delaware Court reasoned as follows:

> At the present time, taxes are so much on everyone's mind that it is almost inconceivable that a jury would not wonder whether or not its award would be subject to income taxes. Similarly, there is a danger that in determining the amount the jury might well increase or decrease it in accordance with its opinion as to taxability.
>
> This possibility makes it apparent that the jury should in all cases be given specific instructions upon the matter.

*Id.* at 261. Even if juries are not as certain to consider income

taxes as the court in *Abele* presumed, there is sufficient reason to give the instruction to discourage even occasional error. This instruction has also been required in New Jersey in recent years. *Tenore* v. *Nu Car Carriers, Inc., supra,* 67 N.J. at 495, 341 A.2d at 629, *cited with approval in Curtis* v. *Finneran,* 83 N.J. 563, 568, 417 A.2d 15, 17 (1980). The Maryland Court of Appeals cogently summarized the rationale for requiring the nontaxability instruction:

> The effect of a brief cautionary instruction as requested in this case is simply to dissuade juries from improperly inflating an award because of a misconception that the taxing arm of the government will extract a portion of the verdict. Such an instruction, in our view, will neither complicate the case, confuse the jury, nor introduce irrelevant matters at trial. The instruction is brief and easily understood. It would not require the introduction of any additional evidence.

*Blanchfield* v. *Dennis, supra,* 292 Md. at 326, 438 A.2d at 1334.

In the face of these recent and well-reasoned decisions we find little merit in the argument that the requested instruction would inject confusion and prejudice into the case.

The rule we announce today derives from the facts and circumstances of the instant appeal. We note, however, the possibility that juries may erroneously conclude that all personal injury awards are subject to income taxes. When this possibility is balanced against the extremely small likelihood that any prejudice will result from the requested instruction, we are convinced of its salutary effect.

*Affirmed as to liability; reversed and remanded for new trial as to damages.*