478 So.2d 1159 (1985)
GRAY DRUGFAIR, INC., a Florida Corporation, Appellant/Cross-Appellee,
v.
Raven HELLER and Redevco Corp., a Florida Corporation, Appellees/Cross-Appellants.
Nos. 84-2686, 84-2775.
District Court of Appeal of Florida, Third District.
November 26, 1985.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Miami, for appellant/cross-appellee.
Corlett, Killian, Hardeman, McIntosh & Levi and Leanne J. Frank, Goodman, Dunberg & Hochman, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami, for appellees/cross-appellants.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
There is no merit in any of the arguments presented by the appellant-co-defendant for reversal of the judgments entered on the jury verdicts against it and in favor of the plaintiff and the cross-defendant respectively. First Federal Savings & Loan Association v. Wylie, 46 So.2d 396 (Fla. 1950); Ortner v. Linch, 128 So.2d 152, 155 (Fla. 3d DCA 1960), cert. denied, 138 So.2d 340 (Fla. 1961); Harvey v. Maistrosky, 114 So.2d 810, 814 (Fla. 2d DCA 1959); DeBold v. Ocean Reef Club, Inc., 368 So.2d 95 (Fla. 3d DCA 1979).
Treating the only point which warrants discussion, we adhere to our conclusion in Atlantic Coast Line R. Co. v. Braz, 182 So.2d 491, 494-95 (Fla. 3d DCA 1966), quashed without prejudice on other grounds, 196 So.2d 109 (Fla. 1967), that the trial court may in its discretion deny a requested instruction that any award to the plaintiff is not subject to federal income taxation. In common with the overwhelming majority of the jurisdictions which have considered the issue since the Supreme Court held in Norfolk & Western R. Co. v. Liepelt, 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980), followed in Caribe Tugboat Corp. v. Duffy, 427 So.2d 227 (Fla. 1st DCA 1983), review denied, 436 So.2d 98 (Fla. 1983), cert. denied, 464 U.S. 1041, 104 S.Ct. 706, 79 L.Ed.2d 170 (1984), that such a charge is required in an action under a federal statute, we decline to adopt Liepelt as a matter of the law of this state. Klawonn v. Mitchell, 105 Ill.2d 450, 86 Ill.Dec. 478, 475 N.E.2d 857 (1985), and cases and authorities cited. Accord, e.g., Gulf Offshore Co. v. Mobile Oil Corp., 628 S.W.2d 171 (Tex. Ct. App. 1982) (applying state law after remand required by post-Liepelt decision in Gulf Offshore Co. v. Mobile Oil Corp., 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981)), cert. denied, 459 U.S. 945, 103 S.Ct. 259, 74 L.Ed.2d 202 (1982); Yukon Equipment, Inc. v. Gordon, 660 P.2d 428, 433 (Alaska 1983); Irwin v. Pacific Southwest Airlines, 133 Cal. App.3d 709, 184 Cal. Rptr. 228 (1982); Griffin v. General Motors Corp., 380 Mass. 362, 403 N.E.2d 402 (1980).
*1160 We also reject the plaintiff's contention that her claim for punitive damages was erroneously stricken. White Construction Co. v. DuPont, 455 So.2d 1026 (Fla. 1984); Diaz v. Sears, Roebuck & Co., 475 So.2d 932 (Fla. 3d DCA 1985).
Affirmed.