OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and a new trial, limited to the issues of damages, granted.
Plaintiff was an engineer employed by defendant. Stepping off the locomotive at the end of his run, plaintiff was injured when the ground gave way beneath him. As a result, his feet and ankles were immersed in boiling water which was used to heat switches in cold weather. Plaintiff sustained severe burns and suffered medical complications.
Defendant admitted liability on plaintiff’s claim under the Federal Employers’ Liability Act (FELA; 45 USC § 51 et seq.) and the parties proceeded to trial solely on the issue of damages. The trial court refused defendant’s request to charge the jury that any award would not be subject to taxation. The jury awarded plaintiff $450,000 for loss of future earnings, $50,000 for loss of past earnings and $750,000 for general damages, pain and suffering and permanent injury. The Appellate Division reversed and ordered a new trial unless plaintiff agreed to a reduction in the award for future lost earnings to $360,000, which was the amount counsel suggested in summation. Plaintiff so stipulated. We now reverse.
In a case arising under FELA, the Trial Judge is required to instruct the jury that any recovery is not taxable (Norfolk & *879 Western Ry. Co. v Liepelt, 444 US 490). Here, the jury awarded the plaintiff a sum in excess of that which counsel requested in summation. As in Liepelt, here "[i]t is surely not fanciful to suppose that the jury erroneously believed that a large portion of the award would be” taxable (id., p 497; see also, O’Byrne v St. Louis Southwestern Ry. Co., 632 F2d 1285).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
Order reversed, etc.