OPINION OF THE COURT
Bellacosa, J.
The primary action is by an injured New York City sanitation employee seeking damages for personal injury. He appeals, contending that the trial court’s instruction to the jury that the award of damages would not be subject to income taxation constituted error and aggrieved him because the jury awarded him less than it would have absent that instruction. We affirm the Appellate Division order upholding the trial court ruling because the instruction was not erroneous.
On February 20, 1980, plaintiff Thomas Lanzano suffered a line-of-duty injury while working as a laborer for the Department of Sanitation and was granted disability retirement in June 1981. He subsequently brought an action against his employer, the City of New York, which is not governed by the Workers’ Compensation Law (see, Workers’ Compensation Law § 3 [1], group 17), seeking damages for pain and suffering and loss of future income; his wife sued for loss of services and companionship. The issue of liability was determined against the City and is conclusive, and there is no appeal as to that. At the close of proof on the trial of damages, however, the Judge instructed the jury, over plaintiffs’ objection, that "any amount of money damages you award the plaintiffs will not be subject to income taxes and you should not consider income taxes, therefore, on the award, in fixing the amount of your award”.
The jury returned a verdict in favor of plaintiff, awarding him $75,000 damages for pain and suffering and $112,000 for *211 past and future lost earnings. Plaintiffs wife was awarded $13,000 damages for loss of consortium. The Appellate Division affirmed, without opinion. Only the plaintiff appeals as limited to the claimed insufficient damages awarded to him, arguing that the jury should have been told nothing with respect to the nontaxability of the award.
Section 104 (a) (2) of the Internal Revenue Code of 1954 (26 USC § 104 [a] [2]) provides that the amount of damages received on account of personal injuries is not taxable income. The long-standing traditional rule in New York has been that Trial Judges are "not required to charge the jury that any award to the plaintiff would be free of income tax” (Coleman v New York City Tr. Auth., 37 NY2d 137, 145 [emphasis supplied]). Numerous courts and commentators have recently expressed support for a more forthcoming and informative instruction, noting that the nontaxability of the personal injury damage award is an important reality which the jury should be at least aware of (see, Norfolk & W. Ry. Co. v Liepelt, 444 US 490, reh denied 445 US 972; Fritz v Consolidated Rail Corp., 68 NY2d 877; see also, Vaughan, Tax Issues of Personal Injury and Wrongful Death Awards, 19 Tulsa LJ 702, 724-728 [1984]; Nordstrom, Income Taxes and Personal Injury Awards, 19 Ohio St LJ 212 [1958]; Comment, Personal Injury Awards and the Nonexistent Income Tax — What is a Proper Jury Charge?, 26 Fordham L Rev 98, 102-103 [1957]). In this respect, courts are mindful of the growing "tax consciousness” of the American public and the pervasiveness of tax realities in our society. While the average juror may be generally aware of the over-all impact of income taxes, it would be rare indeed if more than a handful would know that personal injury awards are excluded from taxation.
We should not blind ourselves to the possibility that ignorance of relevant rules in this highly specialized complex field could contribute to juries proceeding on erroneous speculations and assumptions and rendering unfair and inaccurate verdicts. Juries should not be allowed to increase or decrease awards based on misconceptions of the law when simple and straightforward instructions of relevant rules are readily available to help them in the truth-finding process (contrast, Johnson v Manhattan & Bronx Surface Tr. Operating Auth., 71 NY2d 198).
While this court is aware, of course, of the inherent difficulty in achieving mathematical accuracy in this area and of *212 the competing factors in the adversarial process, we are nevertheless convinced that the process of arriving at fair and correct results is enhanced by juries being well informed and treated as sensible, intelligent human beings capable of following instructions and of balancing nuances. On the contrary, it ill serves the judicial process to place hands over our Trial Judges’ mouths and over the eyes and ears of the jurors with respect to this issue, letting them grope in ignorance of a simple fact.
Moreover, informing juries as to the nontaxability of all exempted awards is consistent with the primary purpose of jury instructions. The court’s obligation is to instruct the jury on the applicable law and to help minimize erroneous speculation flowing from jurors applying their own general experience and sometimes erroneous knowledge in reaching the damage aspect of their verdicts. While there can be no guaranteed certainty or perfection, the trial courts, through careful, fair and explicit jury instruction, can minimize erroneous speculation, at least in this correctable area, even though we are tolerant that general verdicts partake of some commonsense approximations (accord, Johnson v Manhattan & Bronx Surface Tr. Operating Auth., 71 NY2d 198, supra).
As a matter of prudent policy, it is better practice in all cases where jury awards are excluded from taxation under 26 USC § 104 (a) (2) for the jury to be instructed in substance that such awards, if any, are not subject to income taxes, and that it should not add or subtract from the award on account of income taxes but should follow the ordinary, specific instructions for measuring damages which the courts usually give. Taxes should be treated for what they are in this area— a speculative and irrelevant nonfactor.
This rule would also make uniform the treatment of damages in jury trials with those fixed in nonjury trials, where Judges trained in the law and knowledgeable about the nontaxability of such awards surely exclude that datum from the damages calculation, as they should, and now as juries should as well.
In this case, the trial court, over plaintiff’s objection, instructed the jury that the award would not be subject to taxation under 26 USC § 104 (a) (2) and that it should not consider the tax consequences when figuring the amount of damages. We hold that the instruction in this case was not error and expressly authorize such instructions to be given. *213 We also take this opportunity, however, to express our preference, as we build on the Coleman (Coleman v New York City Tr. Auth., 37 NY2d 137, supra) case rule, that the charge state a specific direction not to add or subtract from the award because of the nontaxability of the award. To the extent that Coleman (id.) has been read as being inconsistent with this holding, that interpretation is declared erroneous.
We have reviewed plaintiffs other contentions and conclude they are without merit. Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed, with costs.