### REGO COMPANY, Petitioner,

v.

### Marcy McKOWN–KATY, Peter Katy, and Farmers Insurance Exchange, Respondents.

### No. 89SC189.

Supreme Court of Colorado, En Banc.

Nov. 19, 1990.

Rehearing Denied Dec. 10, 1990.

Mellon, Harris & Cooksey, P.C., John S.L. Sackett, Abramovitz, Merriam & Matthews, Barbara A. Matthews, Denver, for petitioner.

Rothgerber, Appel, Powers & Johnson, Charles Goldberg, Thomas H. Young, Gelt, Fleishman & Sterling, P.C., Theodore Z. Gelt, Denver, for respondent Marcy McKown–Katy.

Norton Frickey & Associates, P.C., Howard Flicker, Lakewood, Colorado Trial Lawyers Ass'n, Denis H. Mark, Denver, for amicus curiae Colorado Trial Lawyers Ass'n.

Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari in this case to consider whether it is reversible error for a trial court to instruct the jury in a personal injury action that it should make no attempt to adjust its award for the effect of income taxes because the award will not be subject to income taxes. The court of appeals held that the Denver District Court committed reversible error when it instructed the jury not to adjust its award for the effect of income taxes. *McKown–Katy v. Rego Co.*, 776 P.2d 1130, 1133 (Colo.App.1989). We affirm the judgment as to the impropriety of the instruction, and reverse the granting of a new trial.

## I.

On September 3, 1982, Marcy McKown–Katy (Marcy) was permanently injured when the motor home in which she was vacationing exploded. Marcy's husband, Peter Katy (Peter), suffered property losses as a result of the explosion. The motor home which exploded was owned by Harry and Carolyn Parsons (the Parsons). The accident occurred when propane gas from two tanks attached to the motor home began leaking, enveloping the home in a cloud of gas which subsequently exploded. The Parsons' insurer paid personal injury protection benefits to Marcy and Peter.

The Parsons brought suit against petitioner Rego Company (Rego) and five other defendants. The jury in the Parsons' action found that the Parsons were not negligent, and that 17 percent of the Parsons' damages were due to Rego's negligence. Based on the jury's assessment of comparative fault in the Parsons' action, the Denver District Court (the district court) granted summary judgment in favor of Marcy and Peter on the issue of liability. Prior to the damages trial in the district court, all of the defendants except Rego entered into a settlement in which Marcy and Peter received a total of $1,204,928.15.

At the close of the evidence, the district court, at Rego's request and over Marcy and Peter's objection, gave the following instruction to the jury: "You should make no attempt to adjust the amount of damages which you award for the effect of income taxes, as the amount awarded will not be subject to income taxes." The jury returned verdicts in favor of Marcy for $1,033,508.20, and in favor of Peter for $6,491.89. Because the total verdict in favor of Peter and Marcy was less than the amount for which they had settled, the district court entered judgment for Rego.

On appeal, Marcy and Peter challenged the district court's decision to instruct the jury on the nontaxability of its award. The court of appeals held that the trial court committed reversible error by giving the instruction.

## II.

### A.

▇ This case presents a question of first impression in Colorado: whether a

trial court commits reversible error by instructing the jury in a personal injury action not to adjust the amount of damages awarded to compensate for income taxes because the amount will not be taxable.

The courts addressing this issue have taken three divergent positions. The majority of jurisdictions have held that refusal to give a nontaxability instruction is not reversible error.[1] The reasons advanced against the use of a nontaxability instruction are that (1) allowing the instruction would invite numerous cautionary instructions on such topics as attorney fees, insurance coverage, and court costs; (2) the instruction presumes the jury will not reach its verdict based on the evidence or previous instructions given; and (3) the instruction may confuse the jury by injecting a collateral issue into its deliberations. *See Stover v. Lakeland Square Owners Ass'n*, 434 N.W.2d 866, 868–69 (Iowa 1989).

A minority of jurisdictions have approved of the nontaxability instruction.[2] *Norfolk & Western Railway Co. v. Liepelt*, 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980), is the leading case advocating the use of such an instruction. There, the United States Supreme Court held that the trial court erred by refusing to instruct the jury in an action brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1983), that its award would not be subject to any income taxes. 444 U.S. at 498, 100 S.Ct. at 759–60. The *Liepelt* Court approved of an instruction similar to the one at issue in this case.[3] The Court noted that the "tax consciousness" of the American public, and the fact that few members of the public are aware that personal injury awards are tax-exempt, create the danger that a jury will inflate the plaintiff's award to compensate for an "imaginary tax." *Id.* at 497, 100 S.Ct. at 759. The Court concluded that giving the instruction could cause no harm because it is brief and could be easily understood, that the instruction would not be prejudicial to either party, and that it would "merely eliminate an area of doubt or speculation that might have an improper impact on the computation of the amount of damages." *Id.* at 498, 100 S.Ct. at 759–60. *Liepelt* essentially articulated a federal common law rule favoring nontaxability instructions. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 486, 101 S.Ct. 2870, 2879, 69 L.Ed.2d 784 (1981). Only a minority of states have been persuaded to apply this rule in state law cases.

1.  *See, e.g., Young v. Environmental Air Prods., Inc.*, 136 Ariz. 206, 213, 665 P.2d 88, 95 (Ariz. App.1982), *aff'd and modified on other grounds*, 136 Ariz. 158, 665 P.2d 40 (1983); *Elk Corp. of Arkansas v. Jackson*, 291 Ark. 448, 458, 725 S.W.2d 829, 835 (1987); *Good Samaritan Hosp. Ass'n v. Saylor*, 495 So.2d 782, 783 (Fla.Dist.Ct. App.1986); *Kawamoto v. Yasutake*, 49 Haw. 42, 51, 410 P.2d 976, 981 (1966); *Klawonn v. Mitchell*, 105 Ill.2d 450, 458, 86 Ill.Dec. 478, 480–81, 475 N.E.2d 857, 859–61 (1985); *Highshew v. Kushto*, 235 Ind. 505, 508, 134 N.E.2d 555, 556 (1956); *Spencer v. Martin K. Eby Constr. Co.*, 186 Kan. 345, 353, 350 P.2d 18, 22–25 (1960); *Paducah Area Public Library v. Terry*, 655 S.W.2d 19, 23–24 (Ky.App.1983); *Michaud v. Steckino*, 390 A.2d 524, 534–36 (Me.1978); *Kirk v. Ford Motor Co.*, 147 Mich.App. 337, 347, 383 N.W.2d 193, 198 (1985) (wrongful death action); *Anunti v. Payette*, 268 N.W.2d 52, 55 (Minn. 1978); *Kenton v. Hyatt Hotels Corp.*, 693 S.W.2d 83, 96–97 (Mo.1985); *Scallon v. Hooper*, 58 N.C. App. 551, 556, 293 S.E.2d 843, 845 (1982) (wrongful death action); *Andersen v. Teamsters Local 116 Bldg. Club, Inc.*, 347 N.W.2d 309, 314 (N.D.1984); *Terveer v. Baschnagel*, 3 Ohio App.3d 312, 315–16, 445 N.E.2d 264, 268–69 (1982) (wrongful death action); *Rivera v. Phila-*delphia Theological Seminary*, 510 Pa. 1, 22, 507 A.2d 1, 12 (1986) (wrongful death action); *Armstrong v. Minor*, 323 N.W.2d 127, 128 (S.D.1982); *Turner v. General Motors Corp.*, 584 S.W.2d 844, 853 (Tex.1979); *Crum v. Ward*, 146 W.Va. 421, 443–44, 122 S.E.2d 18, 30–31 (1961); *Barnette v. Doyle*, 622 P.2d 1349, 1365–67 (Wyo.1981).

2.  *See, e.g., Abele v. Massi*, 273 A.2d 260, 261 (Del.1970) (court should always instruct the jury on the taxability of its award); *Blanchfield v. Dennis*, 292 Md. 319, 325–27, 438 A.2d 1330, 1334 (1982); *Bussell v. DeWalt Prods. Corp.*, 105 N.J. 223, 229–31, 519 A.2d 1379, 1382 (1987) (fair and accurate verdicts are more likely when the jury is instructed on the nontaxability of its award); *Lanzano v. City of New York*, 71 N.Y.2d 208, 212, 519 N.E.2d 331, 332–33, 524 N.Y.S.2d 420, 421–22 (1988); *Dempsey v. Thompson*, 363 Mo. 339, 345–47, 251 S.W.2d 42, 45 (1952); *Stowell v. Simpson*, 143 Vt. 625, 630, 470 A.2d 1176, 1179 (1983).

3.  In *Liepelt*, the trial court refused to instruct the jury that "your award will not be subject to any income taxes, and you should not consider such taxes in fixing the amount of your award." 444 U.S. at 492, 100 S.Ct. at 757.

Finally, a few courts have held that giving nontaxability instructions is a matter within the trial court's discretion.[4]

We conclude that the nontaxability instruction should not be given. Our disapproval of such instructions will prevent the inevitable flood of cautionary instructions that would ensue were we to sanction the use of nontaxability instructions. While it is the court's duty to instruct the jury on the applicable law in a given case, it is beyond the court's province to caution the jurors against every erroneous belief they may hold. *See Liepelt,* 444 U.S. at 503, 100 S.Ct. at 762 (Blackmun, J., dissenting) ("Charging the jury about every conceivable matter as to which it should not misbehave or miscalculate would be burdensome and could be confusing. Yet the Court's decision today opens the door to that possibility.").

The minority rationale assumes that our "tax conscious" American public will disregard their duty as jurors by inflating damage awards based on wrongful speculation about tax consequences. We, however, have never hesitated to presume that a jury will follow the court's instructions. *Greenemeier v. Spencer,* 719 P.2d 710, 715 (Colo.1986). We therefore conclude that it is better to rely on the presumption that jurors will properly follow the instructions given to them in determining damages. *See Hall v. Chicago & North Western Railway Co.,* 5 Ill.2d 135, 151–53, 125 N.E.2d 77, 86 (1955).

For these reasons, we hold that it is improper for a trial court to give a nontaxability instruction in a personal injury case.

### B.

██ We must therefore review the facts before us to determine whether giving the nontaxability instruction constituted reversible error in this case.

"In considering an objection to a jury instruction, we must determine whether the instruction is so erroneous or so confusing or misleading as probably to lead the jury into error of such proportion as to require a new trial." *Coleman v. United Fire and Casualty Co.,* 767 P.2d 761, 763–64 (Colo.App.1988). Marcy contends that the nontaxability instruction given by the trial court was an erroneous statement of tax law. The relevant portion of the Internal Revenue Code provides:

> Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include—
>
> . . . .
>
> (2) the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness.

26 U.S.C.A. § 104(a) (West Supp.1989). Personal injury awards are also immune from Colorado state taxes under section 39–22–109(1), 16B C.R.S. (1989 Supp.), which adopts the definition of adjusted gross income contained in the federal tax code. Because this section requires amounts previously deducted as medical expenses to be included in the gross income of a successful personal injury claimant, Marcy argues that it was erroneous for the trial court to advise the jury, in part, that "the amount awarded will not be subject to income taxes." It is undisputed, however, that there was no evidence in the record indicating that Marcy actually took a deduction for prior medical expenses paid. Without such a showing, we can find no prejudice to Marcy that would justify a new trial. *See Cole v. Kyle,* 141 Colo. 492, 495, 348 P.2d 960, 962 (1960) (plaintiff must affirmatively show prejudicial error before he is entitled to reversal).

Marcy further contends that the nontaxability instruction was prejudicial in that it misled the jury into reducing its award for loss of earning capacity to adjust for the

---

**4.** *See, e.g., Gulf Offshore Co. v. Mobil Oil Corp.,* 628 S.W.2d 171, 173 (Tex.Ct.App.1982); *Gray Drugfair v. Heller,* 478 So.2d 1159, 1159 (Fla. Dist.Ct.App.1985); *Poirier v. Shireman,* 129 So.2d 439, 444–45 (Fla.Dist.Ct.App.1961); *Otis* *Elevator Co. v. Reid,* 101 Nev. 515, 521–23, 706 P.2d 1378, 1382 (1985); *Griffin v. General Motors Corp.,* 380 Mass. 362, 368–71, 403 N.E.2d 402, 407–08 (1980).

income taxes Marcy would have paid on future income had she been working. This prejudicial effect, Marcy claims, was aggravated by defense counsel's closing argument to the jury, when he stated:

> And remember you're being instructed that this isn't subject to income tax. This is [sic] funds that Uncle Sam is not going to touch.... [Y]ou'll be instructed you shouldn't consider the effect of any federal income taxes on the award you give. So [if] she'd been working it would have been different. Just keep that in mind.

In *Wickizer v. Medley*, 169 Ind.App. 332, 338, 348 N.E.2d 96 (1976), the court addressed the negative effect a nontaxability instruction might have on the jury's award for lost earnings. Although it was error to give such an instruction, the court held that the error was harmless because the plaintiffs "could not have been prejudiced" by the instruction. *Id.* at 338, 348 N.E.2d at 100. The court found that the instruction not to "add to or subtract from [the] award on account of Federal Income Taxes" cautioned the jury against speculating about income taxes the plaintiff might have paid had she earned the income. *Id.*

Similarly, the trial court in this case advised the jury that it "should make no attempt to adjust the amount of damages which [it] award[s] for the effect of income taxes." When viewed in conjunction with the other instructions given, the nontaxability instruction cautioned the jury to base its award solely on the evidence and to avoid any speculation about tax consequences.

Marcy's contention that she was prejudiced by defense counsel's closing argument is without merit. Marcy did not object to the allegedly prejudicial remarks at trial. Objections not presented at trial are deemed waived and cannot be raised for the first time on appeal. *Christensen v. Hoover*, 643 P.2d 525, 531 (Colo.1982). Moreover, the trial court gave the jury the standard instruction that the arguments of counsel are not evidence. This court is "not inclined to attribute to any jury a lack of sufficient mentality or discrimination to recognize the difference between evidence and argument." *Newbury v. Vogel*, 151

Colo. 520, 527, 379 P.2d 811, 814 (1963). We therefore find no prejudice to Marcy with regard to her damages for lost earnings.

We note in addition that Marcy has not alleged that her damages were inadequate. She argues only that the trial court committed reversible error by giving the nontaxability instruction. A judgment is presumed correct and the burden is on the party asserting error to show reversible error. *Anderson v. Colorado State Dep't of Personnel*, 756 P.2d 969, 978 (Colo.1988). Upon review, a verdict will not be set aside unless it is shown to be grossly inadequate. *Chartier v. Winslow Crane Serv. Co.*, 142 Colo. 294, 316, 350 P.2d 1044, 1056 (1960). Without an affirmative showing of prejudice to Marcy, we cannot conclude that her substantial rights were violated. Rather, we hold that the trial court's error in giving the nontaxability instruction was harmless under the facts and circumstances of this case.

The judgment of the court of appeals is affirmed as to the impropriety of the instruction and reversed as to the granting of a new trial.