## Vicky DEROSIA v. Patricia VERBOOM

[736 A.2d 775]

No. 98-358

June 25, 1999. Defendant Patricia Verboom appeals from a jury verdict of $190,723.52 compensating plaintiff Vicky Derosia for personal injuries arising from a 1995 automobile accident. Defendant raises three claims of error on appeal: (1) the trial judge erroneously denied defendant's request to instruct the jury regarding the lack of tax liability on any monetary damages awarded, (2) the court officer contaminated the jury by telling a juror that the jurors could not leave until they reached a unanimous verdict, and (3) the verdict was so excessive it indicates improper jury passion or prejudice, and

the court therefore erred by not granting either a new trial or remittitur. We affirm.

At the May 1998 trial, plaintiff's expert witness specializing in rehabilitative medicine testified that plaintiff suffered a seventeen percent whole-person, permanent impairment as a result of the accident. Plaintiff's neurosurgeon also testified, stating that the nerve blocks and nerve-root decompression surgery he performed on her were necessary and related to the accident. In response to plaintiff's evidence on lost wages, defendant entered into evidence plaintiff's tax returns for 1994, 1995, and 1997, omitting 1996 because she had no earned income. Plaintiff made no claim for loss of future income. Neither party presented expert or other evidence raising taxation issues. Defendant submitted proposed jury instructions requesting that the court advise the jury it should not include a sum to compensate for taxation because any damages awarded would not be subject to federal or state income tax. When the court did not include the instruction, defendant objected. By special verdict, the jury awarded plaintiff monetary damages in the categories of: past pain, suffering and disability; medical bills and expenses; past lost wages; and, future, pain, suffering and disability. The jury awarded the precise amount plaintiff requested for medical bills and past wages, but it awarded $39,000.00 less than plaintiff had requested for past and future pain and suffering.

Defendant moved for a new trial on all three grounds raised in this appeal or for remittitur because of an excessive verdict. With respect to the jury contamination grounds for new trial, defendant submitted an affidavit from defendant's attorney relating an alleged conversation between the attorney and the court officer after the conclusion of the trial. According to the affidavit, the following exchange occurred. A juror turned to the court officer and asked him how long the

jury had to remain. The court officer replied that the jury had to remain until it had reached a unanimous verdict. The juror then asked whether they could go home. The court officer responded that the judge would not allow the jury to go home until it had reached a verdict. The trial judge denied the motion without hearing, and defendant appealed.

We first address defendant's argument against the court's decision not to include an instruction to the jury on tax liability. Defendant contends that *Stowell v. Simpson*, 143 Vt. 625, 470 A.2d 1176 (1983), sets forth a general rule applying to all personal injury cases.

> The rule we announce today derives from the facts and circumstances of the instant appeal. We note, however, the possibility that juries may erroneously conclude that all personal injury awards are subject to income taxes. When this possibility is balanced against the extremely small likelihood that any prejudice will result from the requested instruction, we are convinced of its salutary effect.

*Id.* at 630, 470 A.2d at 1179. This language serves, not — as defendant believes — to establish a bright line rule that trial courts must apply, but rather to guide the court's discretion. In *Stowell*, the record revealed "discussion of income taxes by plaintiff's expert on several occasions." *Id.* at 627, 470 A.2d at 1177. We therefore concluded that the trial court had abused its discretion in refusing to give the requested instruction. Here, by contrast, there were no taxation issues raised at trial that required clarification. We therefore find no error.

As for defendant's remaining two claims, we likewise find no error. The situation described in the affidavit does not create a reasonable fear of contamination of jury deliberations. Therefore, no inquiry into the alleged exchange between defendant's attorney and the court officer was necessary. See, e.g., *State v. Gorbea*, 169 Vt. 57, 60, 726 A.2d 68, 70 (1999) (in reviewing claim jury's verdict was improperly affected by extraneous influences, trial court's ruling accorded every reasonable presumption in its favor because trial judge develops relationship with jury during course of trial); *State v. Wool*, 162 Vt. 342, 353, 648 A.2d 655, 662 (1994) (defendant must demonstrate statement had capacity to influence jury and such proof must be more than mere speculation). And the damages awarded by the jury are in accord with the evidence presented. See, e.g., *Turgeon v. Schneider*, 150 Vt. 268, 272, 553 A.2d 548, 551 (1988) (to overturn jury award appellant must demonstrate verdict was entirely excessive when viewed in light most favorable to jury's finding); *Addison County Automotive, Inc. v. Church*, 144 Vt. 553, 560, 481 Vt. 402, 407 (1984) (where action does not allow exact computation of damages, verdict stands unless grossly excessive).

*Affirmed.*