Matter of State of New York v David S. (2020 NY Slip Op 06876)





Matter of State of New York v David S.


2020 NY Slip Op 06876


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Index No. 250519/08 Appeal No. 12354-12354A Case No. 2019-03280 

[*1]In the Matter of State of New York, Petitioner-Respondent,
v
David S., Respondent-Appellant.


Marvin Bernstein, Mental Hygiene Legal Service, New York (Alexandra Keeling of counsel), for appellant.
Letitia James, Attorney General, New York (Mark S. Grube of counsel), for respondent.



Orders, Supreme Court, Bronx County (Miriam R. Best, J.), entered on or about November 3, 2018 and April 24, 2019, which denied respondent's CPLR 4404 motion to set aside the verdict adjudicating him a sex offender requiring civil management under article 10 of the Mental Hygiene Law, and memorialized the jury's mental abnormality verdict, unanimously reversed, on the law, without costs, and the matter remitted for a new trial.
Respondent appeals from two orders upholding the jury verdict, finding that he is "a detained sex offender who suffers from a mental abnormality" requiring civil management (Mental Hygiene Law § 10.03 [i]). At trial the State called two experts, Drs. Cox and Kirschner, [*2]each opining that respondent suffered from a mental abnormality that predisposes respondent to commit sex offenses. Respondent also called two experts, Drs. Ewing and Scroppo, each opining that respondent did not suffer from any qualifying mental abnormality for imposing civil management. All four experts opined that respondent suffered from anti-social personality disorder (ASPD). Dr. Cox also diagnosed respondent with psychopathy and substance abuse disorders related to alcohol and cannabis. Dr. Kirschner's additional diagnosis for respondent included psychopathy, hypersexuality, narcissistic personality disorder (NPD) and substance abuse disorders.
Mental Hygiene Law 10.03 defines "Mental abnormality" as a "congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct." In Matter of State of New York v Donald DD (24 NY3d 174 [2014]), the Court of Appeals expressly held: "evidence that a respondent suffers from antisocial personality disorder cannot be used to support a finding that he has a mental abnormality as defined by Mental Hygiene Law § 10.03(i), when it is not accompanied by any other diagnosis of mental abnormality" (id. at 177).
At the charge conference, respondent's request that the court instruct the jury, in accordance with the holding of Donald DD, that ASPD cannot, alone, form the basis for a finding of mental abnormality, was denied. We hold that the court erroneously denied respondent's request. Where the jury is asked to parse through multiple psychological diagnoses, which include ASPD, the jury should be instructed that ASPD cannot be the sole basis for its finding that someone suffers from a mental abnormality. This is to ensure that the jury's finding conforms to the applicable law. Absent such an instruction, the jury may mistakenly find mental abnormality based solely on ASPD without the requisite finding of an additional diagnosis of a condition or disorder that, combined with ASPD, may predispose one to commit a sex offense.
In denying the requested supplemental charge, the trial court was relying on general jury charges contained in NY Pattern Jury Instructions Civil 2B [see PJI 8:8] which do not expressly include an instruction that a finding of mental abnormality cannot be based on ASPD alone. As recognized in PJI's commentary regarding its use, "[e]ach case has unique facts and the interrelationship of the law and the evidence admitted at trial will determine whether and, if so, to what extent a charge should be modified. . ." (PJI vol 1B How to Use these Volumes, p. xxxix, see generally Lanzano v City of New York, 71 NY2d 208, 211 [1988]). We hold that, where, as here, the evidence admitted at a Mental Hygiene Law article 10 civil management trial includes a diagnosis of ASPD, the general charge should be expanded to include that ASPD cannot be used to support a finding that a respondent has a mental abnormality when it is not accompanied by any other diagnosis of a condition constituting mental abnormality (Matter of Donald DD, supra). 
We reject the State's contention that because the jury was otherwise exposed to the Donald DD principle of law, either through expert testimony or attorney argument, the failure to include it in the jury instruction is of no moment. It is a fundamental rule of practice that a jury must not accept the recitation of law from anyone else but the judge during the course of a trial. This rule is deeply embedded in our system of jurisprudence and we so instruct the jury both at the beginning of trial and before deliberations (PJI 1:6; 1:21; 1:38). Consequently, the fact that [*3]someone other than the judge might have informed these jurors of even a correct rule of law will not suffice.
We find that the error was not harmless because there is a reasonable possibility that the jury would have reached another verdict if it had been properly instructed on the law (see Matter of State of New York v Floyd Y., 22 NY3d 95 [2013]).
In view of our determination that a new trial is warranted, we do not reach respondent's other contentions. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020